[Cite as *State v. Seal*, 2014-Ohio-5415.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA15 |
| v. | : | |
| | | DECISION AND |
| ARTHUR SEAL, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 12/4/2014 |

APPEARANCES:

Arthur Seal, Chillicothe, Ohio, *pro se* Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, J.

{¶ 1} This is an appeal from a Highland County Common Pleas Court decision and judgment entry denying appellant, Arthur Seal's, pro se petition for post-conviction relief without an evidentiary hearing. Because the arguments raised in support of Seal's petition and appeal are barred by the doctrine of res judicata, we overrule his assignments of error one through four. We also conclude that Seal did not present sufficient credible evidence to warrant an evidentiary hearing, and thus, overrule his fifth assignment of error. Accordingly, we affirm the trial court's denial of Seal's petition for post-conviction relief.

{¶ 2} On December 3, 2012, a jury found Seal guilty of: 1) the illegal manufacture of drugs, with the additional finding that the offense occurred in the vicinity of a juvenile; 2) the illegal assembly or possession of chemicals for the manufacture of drugs, with the additional finding that the offense occurred in the vicinity of a juvenile; and 3) endangering children. On

December 10, 2012, the trial court sentenced Seal to an aggregate prison term of 14 years. On January 2, 2013, Seal filed a notice of appeal, indicating his intent to directly appeal his convictions.

{¶ 3} On April 12, 2013, Seal filed a "motion for exculpatory evidence" wherein Seal sought the release of a 911 recording for use in a post-conviction proceeding. Seal argued that the 911 recording was necessary to prove in a post-conviction proceeding that law enforcement unlawfully searched the property at which he had been staying.[1] The trial court denied the motion and the denial is the subject of a separate appeal. *See State v. Seal*, 4th Dist. Highland No. 13CA10, 2014-Ohio-4168.

{¶ 4} Seal's appellate brief in support of his direct appeal was filed on April 22, 2013. Seal, through court-appointed counsel[2], presented two assignments of error in support of his direct appeal. Seal's assignments of error included arguments that the evidence presented at trial was insufficient to convict him of the endangering children charge; that the trial court gave an erroneous jury instruction on the elements needed to prove the endangering children charge; that trial counsel was ineffective for failing to object to the improper instruction and for not raising the sufficiency of the evidence argument in his Crim.R. 29 motion; and that his convictions for the illegal manufacture of drugs and the illegal assembly or possession of chemicals for the manufacture of drugs were against the manifest weight of the evidence. *See State v. Seal*, 4th Dist. Highland No. 13CA1, 2014-Ohio-4167.

---

[1] At trial, Deputy Craig Seaman of the Highland County Sheriff's Office testified that on June 4, 2012, he was dispatched to answer a 911 call indicating possible assistance needed at 5094 US Route 50, in Highland County, Ohio. Seaman testified further that an investigation of the 911 call led to the procurement of a search warrant for a house and a camper that were located at the address. Upon execution of the search warrant, authorities located an active methamphetamine lab in the camper. *See State v. Seal*, 4th Dist. Highland No. 13CA1, 2014-Ohio-4167 (for a full recitation of the facts).

[2] Seal was appointed new counsel for purposes of his direct appeal.

{¶ 5} On June 14, 2013, while his direct appeal remained pending, Seal filed his pro se petition for post-conviction relief that is at issue in the instant appeal. Seal's petition sought an evidentiary hearing and alleged that his convictions were void or voidable due to alleged constitutional violations. Attached to Seal's petition was the affidavit of Deputy Craig Seaman used for obtaining a search warrant in the case; a portion of the Highland County Sheriff's Office dispatch log of June 4, 2012; the affidavit of Virginia Miller, Seal's mother; three evidence/inventory and receipt forms from the sheriff's office; two sheriff incident reports; and an affidavit of veracity signed by Seal indicating that the petition and documentary evidence is true, whole, and correct. His petition set forth four claims for relief. First, Seal claimed that the State committed prosecutorial misconduct by withholding exculpatory evidence, specifically the alleged 911 recording. Second, Seal claimed that the State committed prosecutorial misconduct by presenting known false testimony to the grand and petit jury, i.e. the existence of the alleged 911 call. In his third claim for relief, Seal claimed that he was deprived of effective assistance of trial counsel because his trial counsel failed to seek suppression of evidence obtained as a result of an illegal search. Finally, Seal's fourth claim for relief alleged that his trial counsel was ineffective for failing to investigate the case, for failing to subpoena witnesses, and for failing to set forth a meaningful and adequate defense.

{¶ 6} Seal's first three claims for relief were brought under the theory that law enforcement was at the property found to have the active methamphetamine lab under false pretenses. Particularly, Seal contends that law enforcement was out to get him; was on a fishing expedition; and lied about the existence of a 911 call as an excuse to enter the property. Seal further contends that law enforcement included this alleged falsehood about the 911 call in an affidavit used to secure a search warrant of the property. Seal also posits that the county

prosecutor knew that no 911 call had ever been made, failed to disclose this fact to Seal during pre-trial discovery, and allowed law enforcement officers to testify at trial about the existence of a 911 call. Coming full circle, Seal asserts that his own trial lawyer knew the 911 call was non-existent, was complicit with law enforcement, the prosecutor, and the trial judge, and thus did not challenge the constitutionality of the search. In support of his fourth claim for relief, Seal contends that his trial lawyer was also ineffective for failing to fully investigate the case and for failing to subpoena witnesses who were present at the property on the day of the search.

{¶ 7} After the State filed its memorandum in opposition, the trial court denied Seal's petition for post-conviction relief without evidentiary hearing on June 24, 2013. This appeal followed.

{¶ 8} Seal sets forth the following assignments of error for review:

First Assignment of Error:

> JUDGE ROCKY COSS ABUSED HIS DISCRETION AND COMMITTED PLAIN ERROR WHEN HE DENIED THE APPELLANT'S 1ST CLAIM OF RELIEF PERTAINING TO THE STATE COMMITTING PROSECUTORIAL MISCONDUCT BY WITHOLDING EXCULPATORY EVIDENCE OF THE ALLEGED 911 CALL RECORDING, WITHOUT ORDERING AND HOLDING AN EVIDENTIARY HEARING TO DETERMINE THE VALIDITY OF THE CLAIM AND ORDER THE ALLEGED 911 RECORDING TO BE PRESENTED TO THE RECORD TO DETERMINE THE FOURTH AMENDMENT VIOLATION.

Second Assignment of Error:

> TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR WHEN COSS MADE AN ERRONEOUS RULINGS AGAINST THE APPELLANT'S 2ND CLAIM OF RELEIF OF HIS PETITION. COSS (TRIAL COURT) CONTINUELY ADVOCATES FOR THE STATE AND POLICE AND WAS PREJUDICE AND BIASED THROUGHOUT THE TRIAL PROCESS AND DECISION OF PETITION, THUS VIOLATING THE APPELLANT'S 1ST, 4TH, 5TH, 6TH, 8TH & 14TH U.S. CONSTITUTIONAL AMENDMENTS AND ARTICLE I, SEC.S 1, 9, 10, 14 & 16 OF THE OHIO CONSTITUTION.

Third Assignment of Error:

TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN
ERROR BY ERRONEOUS RULING AGAINST THE APPELLANT'S
FOURTH ADMENDMENT CONSTITUTIONAL RIGHT AGAINST ILLEGAL
SEARCH AND SEIZURE. FURTHERMORE, COO [SIC] ERRONEOUSLY
MISTAKES THE WELL ESTABLISHED LAW FOR STANDING AND
CHALLENGING, AS A GUEST, ILLEGAL SEARCH AND SEIZURES, THUS
VIOLATING THE APPELLANT'S 4TH, 6TH & 14TH U.S.
CONSTITUTIONAL ADMENDMENTS AND ARTICLE I, SEC. 10 & 14 OF
THE OHIO CONSTITUTION.

Fourth Assignment of Error:

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PALIN
[SIC] ERROR BY NOT ORDERING AN EVIDENTIARY HEARING IN THE
4TH CLAIM OF RELIEF OF THE APPELLANT'S RELIEF PETITION
RELATING TO THE TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE FOR
COUNSEL'S FAILURE TO INVESTIGATE THE APPELALNT'S [SIC] CASE,
PUTTING THE STATES CASE THROUGH A MEANINGFUL
ADVERSARIAL TESTING PROCESS AND SUBPEONING WITNESSES IN
THE APEPLLANT'S [SIC] DEFENSE.

Fifth Assignment of Error:

TRIAL COURT FAILED TO ORDER AN EVIDENTIARY HEARING AS THE
R.C. 2953.21 AND CASE LAWS MANDATE, AS DID THE ARGUMENTS,
CLAIMS OF RELIEF, EVIDENCE AND U.S. & OHIO CONSTITUTION
MANDATES.

{¶ 9} "Generally, a ruling on a post-conviction relief motion should not be reversed absent an abuse of a trial court's discretion."[3] *State v. Crum*, 4th Dist. Lawrence No. 13CA13, 2014-Ohio-2361, ¶ 9, citing *State v. Williams,* 4th Dist. Lawrence No. 12CA22, 2013–Ohio–2989, ¶ 16; *State v. Fisk,* 4th Dist. Washington No. 11CA4, 2011–Ohio–6116, ¶ 6; *State v. Hicks,* 4th Dist. Highland No. 09CA15, 2010–Ohio–89, ¶ 11. "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.*, 137 Ohio St.3d

---

[3] This Court has previously applied varying standards when reviewing a trial court's decision to dismiss a petition for post-conviction relief without an evidentiary hearing. *See State v. Hicks,* 4th Dist. Highland No. 09CA15, 2010–Ohio–89, ¶ 9 (discussing the standards previously applied). "However, after surveying other Ohio courts, we believe that abuse of discretion is the most prevalent standard for reviewing the dismissal of a petition for post-conviction relief without a hearing." *Id*. at ¶ 10.

373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19.

{¶ 10} A petition for post-conviction relief brought pursuant to R.C. 2953.21 provides convicted individuals with a means to collaterally attack their convictions. *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 10. "It is a civil proceeding designed to determine whether 'there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' R.C. 2953.21(A). Thus, a petitioner must demonstrate errors of a constitutional magnitude and resulting prejudice before being entitled to relief under the statute." *Id*. R.C. 2953.21 specifically provides:

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated
> a delinquent child and who claims that there was such a denial or infringement of
> the person's rights as to render the judgment void or voidable under the Ohio
> Constitution or the Constitution of the United States * * * may file a petition in
> the court that imposed sentence, stating the grounds for relief relied upon, and
> asking the court to vacate or set aside the judgment or sentence or to grant other
> appropriate relief. The petitioner may file a supporting affidavit and other
> documentary evidence in support of the claim for relief.
>
> * * *
>
> (C) * * * Before granting a hearing on a petition filed under division (A) of this
> section, the court shall determine whether there are substantive grounds for relief.
> In making such a determination, the court shall consider, in addition to the
> petition, the supporting affidavits, and the documentary evidence, all the files and
> records pertaining to the proceedings against the petitioner, including, but not

limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

(D) Within ten days after the docketing of the petition, or within any further time that the court may affix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

* * *

{¶ 11} A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999); *State v. Slagle*, 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 13. This is so because before granting a hearing on a petition, the trial court must first determine that substantive grounds for relief exist. R.C. 2953.21(C). "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.* at ¶ 11. Furthermore, in order to merit a hearing, the petitioner must show that the claimed "errors resulted in prejudice." *Id.*, quoting *Calhoun* at 283.

{¶ 12} Additionally, res judicata applies to proceedings involving post-conviction relief. *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

{¶ 13} Moreover, the fact that Seal's petition is supported by evidence outside the trial record does not automatically bar application of res judicata. In *Slagle*, supra at ¶ 16, we noted that:

> The presentation of competent, relevant, and material evidence dehors the record may defeat the application of res judicata. See *State v. Smith* (1985), 17 Ohio St.3d 98, 101, 17 OBR 219, 221, 477 N.E.2d 1128, 1131–1132, fn. 1. However, a petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal. *State v. Perry,* supra, 10 Ohio St.2d at 182, 39 O.O.2d at 193, 226 N.E.2d at 109. "[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim

beyond mere hypothesis and a desire for further discovery." *Coleman,* supra, Hamilton App. No. C–900811, at 7. To overcome the res judicata bar, evidence offered dehors the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. [*Ohio v. Franklin,* 1st Dist. No. C–930760, 1995 WL 26281 (Jan. 25, 1995), *7.]

*State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist.1995).

{¶ 14} With the foregoing principles in mind, we jointly consider Seal's assignments of error one through four, which are essentially re-arguments of the four claims of relief set forth in his petition. Because these assignments of error raise issues that could have, and should have, been raised in a direct appeal of Seal's conviction, we conclude that they are now barred by the doctrine of res judicata.

{¶ 15} Although the trial court did not rely on res judicata as a reason to deny Seal's petition, we believe that the doctrine is applicable. Seal admits in his petition for post-conviction relief, in his appellate brief in support of this appeal, and in his motion for exculpatory evidence that both he and his trial counsel knew of the non-existence of the alleged 911 call and the State's failure to produce the 911 recording well before his jury trial. *See* Appellate Brief at 6, 20; Petition at 9, 24; Motion for Exculpatory Evidence at 2. Thus, Seal's claims of prosecutorial misconduct could have and should have been raised either during pre-trial discovery or at trial. At the very least, they should have been raised in Seal's direct appeal. We also do not believe that Seal's presentation of evidence dehors the record defeats the application of res judicata. The only piece of evidence that arguably supports Seal's claim that no 911 call was made, outside of his self-serving recitation of the facts, is the sheriff dispatch log. But even that piece of evidence is inconclusive, as it explicitly documents a received call indicating sheriff assistance requested

at the residence, but does not indicate whether the call originated from the 911 line or not. This evidence is only marginally significant and does not advance Seal's claims beyond mere hypothesis.

{¶ 16} Seal's claims of ineffective assistance of counsel are also barred by the doctrine of res judicata. Seal was present during the trial court proceedings and was well aware of the actions, and inactions of his counsel. In fact, Seal claims that he instructed his trial counsel to file a motion to suppress and to contact witnesses on his behalf. *See* Appellate Brief at 22; Petition at 8, 9, 10, 37. Certainly, Seal was cognizant of these claims and could have included them in his direct appeal. Furthermore, Seal was appointed new counsel for his direct appeal, presumably so he could pursue such a claim.

{¶ 17} We also note that the present case is distinguishable from our previous decision in *State v. Keeley*, 2013-Ohio-474, 989 N.E.2d 80 (4th Dist.). In *Keeley*, we held that a trial court could not rely on the doctrine of res judicata to bar consideration of post-conviction claims while a first appeal of right remained pending. *Id*. at ¶ 10. In that case, the trial court denied the petition on the basis of res judicata approximately six months prior to our decision in the petitioner's first appeal of right. *Id*. at ¶ 6. We reasoned that res judicata may be invoked to bar post-conviction claims only after the first appeal of right has been determined, or when no appeal is taken. *Id*. at ¶ 7. We also noted that invoking the doctrine of res judicata while a first appeal of right is pending would render R.C. 2953.21(C) meaningless, because a trial court could always avoid ruling on the petition's merits as long as no decision had been rendered on the appeal. *Id*. at ¶ 8.

{¶ 18} In the case at hand, the trial court did not rely on the doctrine of res judicata in denying Seal's petition. Rather, the trial court determined that Seal had not presented sufficient operative facts that would entitle him to post-conviction relief. The trial court's decision and

judgment entry was also supported by findings of fact and conclusions of law. Thus, it cannot be said that the trial court avoided ruling on the petition's merits. We also note that we recently released our decision and judgment entry in Seal's direct appeal. *See State v. Seal*, 4th Dist. Highland No. 13CA1, 2014-Ohio-4167. Consequently, Seal's direct appeal has effectively concluded, and he can no longer seek to include additional arguments in his direct appeal. Put simply, the scenario in the present case differs from the scenario in *Keeley*. Accordingly, we are not precluded from invoking the doctrine of res judicata in the present case, and Seal's first, second, third, and fourth assignments of error are overruled.

{¶ 19} In his fifth assignment of error, Seal contends that the trial erred in denying his petition without first conducting an evidentiary hearing.

{¶ 20} As noted above, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. "The court may dismiss a petition for post-conviction relief without a hearing when the petitioner fails to submit evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." *State v. Bradford*, 4th Dist. Ross No. 08CA3053, 2009-Ohio-1864, ¶ 10, citing *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980).

{¶ 21} Here, in its decision and judgment entry denying the petition, the trial court noted that other than the affidavit of his mother, Seal did not attach any other affidavits relating to the allegations in the petition. The trial court specifically noted the absence of any evidence of the supposed other witnesses who Seal alleged could attest to his innocence. The trial court also noted Seal's failure to attach the actual search warrant that was issued in the case.[4] Furthermore, the trial court noted that the sheriff dispatch log actually corroborated the State's testimony that a

---

[4] A copy of the search warrant was attached to Seal's appellate brief, but it does not appear attached to the petition. Seal alleges that the trial judge intentionally detached the search warrant from the petition so that it would not become a part of the appellate record.

call was received from an unknown individual requesting assistance at the residence. We believe the trial court's reasoning to be sound and not arbitrary, unreasonable, or unconscionable. Therefore, we cannot conclude that the trial court abused its discretion by dismissing Seal's petition for post-conviction relief without an evidentiary hearing. Seal's fifth assignment of error is overruled.

{¶ 22} Based on the foregoing, the decision and judgment entry of the trial court denying Seal's petition for post-conviction relief is affirmed.

JUDGMENT AFFIRMED.

Harsha, J., concurring in judgment only:

{¶ 23} I agree the trial court properly summarily dismissed the petition. The first three claims in the petition fail to establish substantive grounds for relief because Seal's own exhibit indicates that the call requesting help actually occurred. The fact that it may not have come in as a formal 911 call is only marginally relevant. In other words, he cannot prove he suffered any actual prejudice because his own evidence proves the deputy responded to a call for assistance, rather than "inventing" a call to illegally search the premises as Seal alleges. If a mischaracterization of the nature of the call occurred, it did not result in a constitutional violation.

{¶ 24} Seals fourth claim for relief, which alleges ineffective assistance of counsel, amounts to "open-ended assertions" and mere hypothesis. Therefore, it did not establish substantive grounds for relief. *See*, Katz and Gianelli, *Baldwin's* Ohio Practice, Criminal Law (3rd ed) § 81.10.

{¶ 25} In the absence of substantive grounds for relief, the petition was fatally defective on its face. Therefore, the trial court properly dismissed the petition without conducting a hearing. Thus, there is no merit to the fifth assignment of error. Furthermore, there is no need to address the doctrine of *res judicata*.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment Only with Concurring Opinion.
McFarland, J.: Concurs in Judgment Only and Concurs with Concurring Opinion.

For the Court

By:_____
       Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.