[Cite as *State v. Seal*, 2017-Ohio-116.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 16CA14 |
| v. | : | |
| | | DECISION AND |
| ARTHUR SEAL, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 01/09/2017 |

APPEARANCES:

Arthur Seal, London, Ohio, *pro se* Appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, and James Roeder, Assistant Highland County Prosecuting Attorney, Hillsboro, Ohio, for Appellee.

Hoover, J.

{¶ 1} Defendant-appellant, Arthur Seal, appeals from the judgment entry of the Highland County Common Pleas Court denying his motion for leave to file a delayed motion for new trial. For the reasons that follow, we affirm the judgment of the trial court.

**I. Facts and Procedural Posture**

{¶ 2} On December 3, 2012, a jury found Seal guilty of: (1) the illegal manufacture of drugs (methamphetamine), with the additional finding that the offense occurred in the vicinity of a juvenile; (2) the illegal assembly or possession of chemicals for the manufacture of drugs (methamphetamine), with the additional finding that the offense occurred in the vicinity of a juvenile; and (3) endangering children. The trial court sentenced Seal to an aggregate prison term

of 14 years for the offenses. This Court affirmed Seal's convictions in *State v. Seal*, 2014-Ohio-4167, 20 N.E.3d 292 (4th Dist.).

{¶ 3} On April 12, 2013, Seal filed a "motion for exculpatory evidence" pursuant to R.C. 149.43(B)(8) wherein Seal sought the release of a 911 recording for use in a post-conviction proceeding. Seal argued that the 911 recording was necessary to prove in a post-conviction proceeding that law enforcement unlawfully searched the property at which he had been staying.[1] The trial court denied the motion; and we affirmed the trial court's denial. *See State v. Seal*, 4th Dist. Highland No. 13CA10, 2014-Ohio-4168.

{¶ 4} On June 14, 2013, Seal filed a pro se petition for post-conviction relief. Seal's petition sought an evidentiary hearing and alleged that his convictions were void or voidable due to alleged constitutional violations. The trial court denied Seal's petition for post-conviction relief without evidentiary hearing on June 24, 2013. This Court affirmed the trial court's denial in *State v. Seal*, 4th Dist. Highland No. 13CA15, 2014-Ohio-5415.

{¶ 5} On July 1, 2013, Seal filed an "amended petition for post-conviction relief" seeking to amend his earlier petition and to add claims that: (1) the State withheld exculpatory evidence, specifically the criminal record of the State's "STAR & ONLY WITNESS", Mark Ervin, and (2) that his trial counsel, George William Armintrout, rendered ineffective assistance because he, among other things, failed to disclose that he had previously represented Ervin in a criminal matter. Four days later Seal filed a motion to supplement his petition for post-conviction relief, which he claimed, provided further proof that the State withheld exculpatory evidence relating to the criminal record of Ervin. The trial court denied the "amended petition" on the ground that the

[1] At trial, Deputy Craig Seaman of the Highland County Sheriff's Office testified that on June 4, 2012, he was dispatched to answer a 911 call indicating possible assistance needed at 5094 US Route 50, in Highland County, Ohio. Seaman testified further that an investigation of the 911 call led to the procurement of a search warrant for a house and a camper that were located at the address. Upon execution of the search warrant, authorities located an active methamphetamine lab in the camper. *See State v. Seal*, 2014-Ohio-4167, 20 N.E.3d 292 (for a full recitation of the facts).

original petition had already been denied and, because a final ruling had already been issued, it

could not allow the original petition to be amended. The trial court also denied the motion to

supplement because "the case is now closed." Seal appealed both of the trial court's rulings, but

we dismissed the appeals because we concluded that the entries were not final appealable orders.

*State v. Seal*, 4th Dist. Highland No. 13CA16; *State v. Seal*, 4th Dist. Highland No. 13CA17.

{¶ 6} On February 26, 2016, Seal filed a motion for leave to file a delayed motion for

new trial based on newly discovered evidence; which is the subject of the present appeal.

Specifically, Seal argued, like he had in his 2013 filings, that the State failed to disclose

exculpatory evidence regarding Ervin's criminal record in pre-trial discovery, and that a conflict

of interest existed where his trial counsel, George William Armintrout, had previously

represented Ervin in a criminal matter two years prior to this case. Seal also argued that the State

had withheld exculpatory evidence pertaining to Robert Coburn, the owner of the property where

the methamphetamine lab and materials were found. According to Seal, the newly discovered

evidence tended to show that Ervin and/or Coburn were the individuals cooking

methamphetamine on the date of the incident; that Ervin was not a credible witness; and that the

conflict regarding his trial counsel adversely affected counsel's performance. On April 22, 2016,

the trial court overruled Seal's motion for leave to file a delayed motion for new trial without a

hearing.

## II. Assignments of Error

{¶ 7} Seal sets forth the following assignments of error for review:

First Assignment of Error:

> Defendants [sic] was denied due process of law and competent counsel a [sic]
> guaranteed by the 6th and 14th amendments of the U.S. Constitution and Article I
> section 10 of the Ohio Constitution rendering his conviction void.

Second Assignment of Error:

> Prosecutor suppressing the governments [sic] witness Mark Ervin's Criminal record his no contacts against the appellant, his continuing criminal pattern of implicating the appellant, and his avoidance of prosecution. The state violated the defendants [sic] constitutional rights pursuant to Article I Section 16 of the Ohio Constitution and 5th 14th amendments to the United States constitution a new trial is required.

Third Assignment of Error:

> The trial court abuse [sic] its discretion in denying error three. The State withheld exculpatory evidence demonstrating Rob Coburn as the perpetrator and would have established in possession of Illegal activity. Thus violating the defendants [sic] constitution [sic] right to a fair trial pursuant to Article I Section 10 of the Ohio Constitution and the 5th, 14th amendment of the U.S. Constitution.

### III. Law and Analysis

{¶ 8} Because Seal's assignments of error are interrelated, we will consider them jointly. In his assignments of error, Seal contends that the trial court erred by denying his motion for leave to file a delayed motion for new trial. He argues that the State violated his due process rights by withholding material, exculpatory evidence from him during his trial. He further argues that he was denied the right to competent legal counsel because his trial counsel had previously represented one of the State's witnesses at trial.

{¶ 9} "An appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial." *State v. Hoover-Moore*, 2015-Ohio-4863, 50 N.E.3d 1010, ¶ 14 (10th Dist.). Likewise, an appellate court applies an abuse of discretion standard of review to (1) a trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial; and (2) its ultimate decision to grant or deny the underlying motion for new trial. *Id.*; *State v. Jones*, 9th Dist. Summit No. 26568, 2013-Ohio-2986, ¶ 8. An abuse of discretion implies the trial court's decision is arbitrary, unconscionable, or unreasonable. *State v. Minton*, 4th Dist. Adams No.

15CA1006, 2016-Ohio-5427, ¶ 19.

{¶ 10} Crim.R. 33(A) allows a defendant to move for a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). A motion for a new trial must be filed within 14 days after the verdict is rendered, "except for the cause of newly discovered evidence". Crim.R. 33(B). A motion for new trial based on newly discovered evidence must be filed within 120 days after the day the verdict was rendered, unless the defendant shows by "clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely * * *". *Id*. "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." *Hoover-Moore* at ¶ 13, citing *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 19. "If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B).

{¶ 11} "Because [Seal] did not file [his] motion for a new trial based on newly discovered evidence within 120 days of the jury's verdict, [he] correctly sought leave from the trial court to file a delayed motion." *Hoover-Moore* at ¶ 13, citing *Berry* at ¶ 19. However, the trial court denied Seal's motion for leave but did not address whether Seal was unavoidably prevented from discovering the evidence he relied on in his motion. Instead, the trial court addressed and rejected Seal's arguments for a new trial on the merits. "Although a defendant

may file his motion for a new trial along with his request for leave to file such a motion, the trial court may not consider the merits of the motion for a new trial until it makes a finding of unavoidable delay." (Internal quotations and citations omitted.) *State v. Covender*, 2012-Ohio-6105, 988 N.E.2d 582, ¶ 13 (9th Dist.). Thus, the trial court erred by collectively entering judgment on Seal's motions. Nonetheless, we find that the trial court's error in collectively entering judgment on the motions is harmless.

{¶ 12} Ohio courts have determined that a defendant is required to file his or her motion for leave to file a delayed motion for new trial within a reasonable time after he or she discovers the evidence. *State v. Griffith*, 11th Dist. Trumbull No. 2005-T-0038, 2006-Ohio-2935, ¶ 15; *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49. In *State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 WL 626063, *3 (Oct. 9, 1997), the Eighth Appellate District stated:

> A trial court must first determine if a defendant has met his burden of establishing by clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial within the statutory time limits. If that burden has been met but there has been an undue delay in filing the motion after the evidence was discovered, the trial court must determine if that delay was reasonable under the circumstances or that the defendant has adequately explained the reason for the delay.

Furthermore, the Second Appellate District has explained:

> Although Crim.R. 33(B) is silent regarding a time limit for the filing of a motion for leave to file a delayed motion for new trial, the application of Crim.R. 33(B) must be undertaken against the backdrop of Crim.R. 1(B), which states:

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed and applied to secure the fair, impartial, speedy, and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable expense and delay.

Further, Crim.R. 57(B) states that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with [the] rules of criminal procedure[.]"

In light of the purpose and construction of the criminal rules, a trial court may require a defendant to file his motion for leave to file a motion for new trial *within a reasonable time* after he discovers new evidence. Allowing the defendant to file a motion [for] leave [to file] a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay.

(Emphasis sic.) (Citations and quotations omitted.) *State v. York*, 2d Dist. Greene No. 2000CA70, 2001 WL 332019, *3-4 (Apr. 6, 2001).

{¶ 13} Here, Seal was aware of the existence of the grounds supporting his delayed motion for new trial since 2013, but did not file his motion for leave until February 2016. For instance, Seal first raised the issue concerning Robert Coburn's alleged involvement in the committed offenses in his petition for post-conviction relief filed on June 14, 2013. *See* OP 50, p. 38 ("While the officers searched the homeowners room, Coburn, the officers found two (2) jars containing clear liquid in them; stacks of coffee filters; a container of DAMP RID and rubber

gloves; receipts of purchases of sudafed pills and lithium batteries. All these items are highly consistent with the manufacturing of meth.") Furthermore, Seal first raised the arguments concerning the alleged conflict of his trial counsel and the withholding of Ervin's criminal record in his amended petition for post-conviction relief filed on July 1, 2013. Thus, Seal knew of these arguments for more than two and a half years before filing his motion for leave to file a delayed motion for new trial. This is an unreasonable delay for which Seal has offered no explanation.

{¶ 14} Presumably, Seal delayed in filing the motion so that he could build a stronger case. This is presumed because Seal's latest motion is supported by documents that were not attached to his 2013 filings, or in some instances, were not available in 2013. However, "Crim.R. 33(B) does not allow a defendant to wait for further evidence to arise that will bolster his case." *Berry*, 2007-Ohio-2244, at ¶ 39, citing *Stansberry* at *3.

### IV. Conclusion

{¶ 15} Based on the foregoing, we conclude that the trial court properly denied Seal's motion for leave to file a delayed motion for new trial. Even if we were to assume, *arguendo*, that Seal was unavoidably prevented from filing his motion for a new trial within the statutory time limits, Seal, nonetheless, unreasonably delayed filing his motion for more than two and a half years after he discovered the grounds upon which it is based. Accordingly, all three of Seal's assignments of error are overruled, and the judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.


For the Court

By:_____
                    Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.