[Cite as *State v. Thomas*, 2017-Ohio-4403.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150581 |
| | | C-150555 |
| Plaintiff-Appellee, | : | TRIAL NO. B-8802582 |
| vs. | : | *O P I N I O N.* |
| LEWIS THOMAS III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in C-150581;
                                               Appeal Dismissed in C-150555

Date of Judgment Entry on Appeal:  June 21, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Lewis Thomas III*, pro se.

**MILLER, Judge.**

{¶1}   Today, we hold that a motion for leave under Crim.R. 33(B) to file a motion for a new trial must be filed within a reasonable time of the defendant's discovery of new evidence.  Our holding aligns us with all nine of our sister appellate districts to visit this issue.

{¶2}   Defendant-appellant Lewis Thomas III appeals from the Hamilton County Common Pleas Court's judgment overruling his Crim.R. 33(B) motion for leave to file a motion for a new trial.  We dismiss the case numbered C-150555, because that appeal purports to be taken from a September 14, 2015 entry, but the record reflects no such entry.  We affirm the court's judgment in the case numbered C-150581, because the court did not abuse its discretion in overruling Thomas's Crim.R. 33(B) motion upon its determination that his six-year delay in filing the motion was unreasonable.

{¶3}   Thomas was convicted in 1988 of aggravated murder, aggravated robbery, and felonious assault.  He unsuccessfully challenged his convictions in appeals to this court and the Ohio Supreme Court and in postconviction proceedings filed between 1990 and 2015.  *See State v. Thomas*, 1st Dist. Hamilton No. C-880637, 1990 WL 37787 (Apr. 4, 1990), *appeal not accepted*, 54 Ohio St.3d 713, 526 N.E.2d 159 (1990); *State v. Thomas*, 1st Dist. Hamilton No. C-910145 (Feb. 14, 1992); *State v. Thomas*, 1st Dist. Hamilton No. C-050245, 2005-Ohio-6823 (Dec. 23, 2005); *State v. Thomas*, 1st Dist. Hamilton No. C-060355 (May 2, 2007).

{¶4}   Thomas here appeals the overruling of his April 2015 motion seeking leave under Crim.R. 33(B) to file a Crim.R. 33(A)(6) motion for a new trial on the ground of newly discovered evidence.  On appeal, he presents six assignments of

error. In his first assignment of error, he challenges the common pleas court's exercise of its discretion in overruling, and in declining to conduct an evidentiary hearing on, his Crim.R. 33(B) motion. In assignments of error two through six, he challenges his convictions. This court has jurisdiction to review only the judgment from which this appeal is taken. *See State v. Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 WL 598397 (Sept. 26, 1997). Accordingly, we have no jurisdiction to address the challenges to Thomas's convictions presented in assignments of error two through six. And we decide only the challenge in his first assignment of error, to the overruling of his Crim.R. 33(B) motion without a hearing.

{¶5} Crim.R. 33(A)(6) permits a court to grant a new trial on the ground that "new evidence material to the defense [has been] discovered, which the defendant could not with reasonable diligence have discovered and produced at trial." Crim.R. 33(B) requires that a Crim.R. 33(A)(6) motion be filed either within 120 days of the return of the verdict or within seven days after the court, upon "clear and convincing proof that the defendant [had been] unavoidably prevented from discovering the evidence" within the 120-day period, grants leave to file a new-trial motion out of time.

{¶6} Thomas was convicted in 1988. In 2015, he sought leave under Crim.R. 33(B) to file a Crim.R. 33(A)(6) motion. He claimed that he is actually innocent of the offenses for which he was convicted. He supported that claim with evidence in the form of law-enforcement and hospital reports that he insisted demonstrated his innocence, along with police and prosecutorial misconduct. And he asserted that that evidence should have been, but was not, disclosed in discovery,

and that he had not known what the evidence would show until he received it from the Ohio Public Defender in 2009.

{¶7} In seeking leave to move for a new trial upon his actual-innocence claim, Thomas bore the burden of proving by clear and convincing evidence that, within 120 days of the return of the verdicts in his case, he did not know of the existence of that proposed ground for a new trial, and that he could not, in the exercise of reasonable diligence, have learned of its existence. *See* Crim.R. 33(B); *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *State v. Hawkins*, 1st Dist. Hamilton No. C-110291, 2011-Ohio-5645, ¶ 14. Thomas demonstrated that he had been unavoidably prevented from discovering the allegedly exculpatory evidence until 2009, when he received that evidence from the public defender. But the common pleas court overruled Thomas's Crim.R. 33(B) motion upon its determination that he failed to demonstrate some justification for his six-year delay in seeking leave to move for a new trial based on that evidence. We cannot say that the court, in denying leave on that basis, abused its discretion.

{¶8} Crim.R. 33(B) does not prescribe the time within which a motion for leave must be filed after the movant has learned of the proposed ground for a new trial. But the Second, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Appellate Districts require the filing of a Crim.R. 33(B) motion within a reasonable time after the evidence supporting that ground was discovered. *See State v. Seal*, 4th Dist. Highland No. 16CA14, 2017-Ohio-116, ¶ 12-14; *State v. Brown,* 186 Ohio App.3d 309, 927 N.E.2d 1133, ¶ 24 (7th Dist.2010); *State v. Cleveland,* 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49; *State v. Willis*, 6th Dist. Lucas No. L-06-1244, 2007-Ohio-3959, ¶ 20-23; *State v. Berry*, 10th Dist. Franklin No. 06AP-

803, 2007-Ohio-2244, ¶ 27-29; *State v. Valentine*, 11th Dist. Portage No. 2002-P-0052, 2003-Ohio-2838, ¶ 9; *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *3-4 (Apr. 6, 2001); *State v. Barnes*, 12th Dist. Clermont No. CA99-06-057, 1999 WL 1271665, *3 (Dec. 30, 1999); *State v. Stansberry,* 8th Dist. Cuyahoga No. 71004, 1997 WL 626063, *3 (Oct. 9, 1997). Those courts found that a reasonable-time requirement is permitted as not inconsistent with the criminal rules, *see* Crim.R. 57(B), and advances the stated objectives of those rules in securing the speedy and sure administration of justice and in eliminating unjustifiable delay, *see* Crim.R. 1(B), by discouraging a defendant from waiting to move for leave while the evidence against him dissipates or disappears. *See Seal* at ¶ 12; *Barnes* at *3; *Stansberry* at *3. No appellate district has refused to impose a reasonable-time requirement.

{¶9} Here, we join our sister appellate districts in holding that even if the defendant has demonstrated that he could not have learned of the proposed ground for a new trial within the prescribed period, a court has the discretion to deny leave to move for a new trial, when the defendant has delayed moving for leave after discovering the evidence supporting that ground, and that delay was neither adequately explained nor reasonable under the circumstances. *See Seal* at ¶ 12; *York* at *3-4; *Stansberry* at *3. We conclude that the common pleas court did not abuse its discretion in determining that Thomas's filing delay was unreasonable.

{¶10} Thomas waited to file his Crim.R. 33(B) motion for over six years after receiving the evidence on which his actual-innocence claim depended. The motion was supported by that evidence, the Ohio Public Defender's December 2008 letter agreeing to send the evidence, and Thomas's own affidavit attesting to his receipt of

the evidence in 2009. He did not offer in his affidavit any explanation for his delay in moving for a new trial based on that evidence. Nor does the record otherwise demonstrate circumstances that might be said to justify that delay. *See, e.g., Seal* at ¶ 13 (finding unreasonable a two-and-one-half year filing delay from the time when defendant "knew of [his] arguments"); *Barnes* at *3 (finding unreasonable a five-year filing delay to procure affidavits "unnecessary" to the motion for leave); *Stansberry* at *3 (finding unreasonable a three-year filing delay after the evidence was "available" to defendant).

{¶11} Because the common pleas court did not abuse its discretion in determining that Thomas's delay in filing his Crim.R. 33(B) motion was unreasonable, we hold that the court did not abuse its discretion in overruling the motion on that basis. Accordingly, we overrule the first assignment of error and affirm the court's judgment.

Judgment affirmed.

**MOCK, P.J.**, and **DETERS, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.