Harsha, J.
*375 {¶ 1} Ronald E. Gavin appeals the judgment denying his motion for leave to file a motion for new trial based on newly discovered evidence. First Gavin asserts that the trial court erred by denying his motion without conducting an evidentiary hearing. Gavin was aware of the existence of some of the grounds supporting his delayed motion for new trial before his trial. Likewise, he knew of the grounds supporting his motion since at least the summer of 2015, when two of the four affidavits upon which he supported his motion were executed. However, he delayed until nearly two years later, in May 2017, to seek leave to file his motion. Because Gavin did not establish by clear and convincing evidence that he was unavoidably prevented from filing a timely motion for new trial based on newly discovered evidence, the trial court did not abuse its discretion by denying his motion without holding an evidentiary hearing.
{¶ 2} Next Gavin contends that the trial court violated his right to due process by denying his renewed postconviction motion for independent testing of the heroin and the fingerprint analysis of the packaging material for the heroin. But he did not include this judgment in his notice of appeal; nor did he amend his notice of appeal to include the trial court's denial of his renewed motion; and he did not file an independent notice of appeal from the judgment. Therefore this contention is not properly part of the appeal and we cannot address its merits.
{¶ 3} We affirm the judgment of the trial court.
I. FACTS
{¶ 4} The Scioto County Grand Jury returned an indictment charging Ronald E. Gavin and an accomplice with several drug-related charges. The case proceeded to a jury trial where several witnesses, including Manual Lofton and Marcell Woods, testified that Gavin sold heroin to people on numerous occasions during the summer of 2013. Gavin obtained the heroin from Chicago sources, including his cousin.
{¶ 5} The jury convicted Gavin of multiple heroin-related offenses and in November 2013, the trial court sentenced him to prison. In State v. Gavin , 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, 2015 WL 4549872, we reversed his conviction for tampering with evidence and remanded the cause to the trial court to vacate that conviction and sentence. But we affirmed his remaining convictions and rejected his contention that he had received ineffective assistance of counsel. On remand the trial court complied with our mandate.
{¶ 6} In April 2016, Gavin filed a petition for postconviction relief claiming that he was denied the effective assistance of trial counsel and that his convictions were obtained through fraud on the court. He attached the affidavits of several persons who collectively claimed that: (1) Lofton and Woods had framed Gavin by planting the heroin in the car that Gavin regularly drove; (2) Gavin had informed his trial attorney about his potential witnesses; and (3) his attorney failed to call them to testify on his behalf at trial. But Gavin failed to indicate how he was unavoidably prevented from discovering any of this purported newly discovered evidence. The affidavits *376 of the potential witnesses were executed in July, August, and October 2015, and in March and April 2016. In May 2016, the trial court denied the petition for postconviction relief without conducting an evidentiary hearing.
{¶ 7} On appeal we held that Gavin did not establish that the trial court had jurisdiction to address the merits of his untimely petition. We reached this conclusion because he admitted that some of his evidence "may have been available to [him] at the time of trial," and he did "not explain how either he or his appellate counsel were unavoidably prevented from having access to the evidence attached to his petition at the time he filed his direct appeal or when he could have filed a timely petition for postconviction relief." State v. Gavin , 4th Dist. Scioto No. 16CA3757, 2017-Ohio-134, 2017 WL 168823, ¶ 14-15. We modified the judgment of the trial court to reflect the dismissal of the petition and affirmed the judgment of the trial court as modified. Id. at ¶ 16-17.
{¶ 8} In May 2017, Gavin sought leave to file a motion for a new trial based primarily on newly discovered evidence; he attached a proposed motion for new trial and a request for an evidentiary hearing. He also attached four of the affidavits, executed in July, August, and October 2015, and in April 2016, that he had filed in support of his unsuccessful petition for postconviction relief. The trial court denied the motion without an evidentiary hearing after concluding that Gavin had not established how he was unavoidably delayed from filing his motion, his motion was untimely, and he had not submitted newly discovered evidence. Gavin has appealed the denial of his motion for leave.
{¶ 9} In July 2017, Gavin filed a renewed postconviction motion[1] for independent testing of the heroin found by the police and fingerprint analysis of the packaging material for the heroin. The trial court denied the motion, but Gavin has not properly appealed that order.
II. ASSIGNMENTS OF ERROR
{¶ 10} Gavin assigns the following errors for our review:
I. THE TRIAL COURT ERRED BY DENYING APPELLANT RONALD GAVIN AN EVIDENTIARY HEARING ON HIS MOTION FOR NEW TRIAL BECAUSE APPELLANT SUBMITTED NEW DOCUMENTARY EVIDENCE IN SUPPORT OF HIS GROUNDS FOR A NEW TRIAL. DENYING THE MOTION FOR NEW TRIAL VIOLATED THE GUARANTEES OF THE FIFTH, *377 SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION.
II. THE TRIAL COURT ERRED BY DENYING APPELLANT RONALD GAVIN INDEPENDENT TESTING OF THE ALLEGED DRUG PACKAGE AND FINGERPRINT ANALYSIS OF THE PACKAGING MATERIAL IN WHICH THE ALLEGED DRUG SUBSTANCE WAS FOUND. DENYING APPELLANT GAVIN INDEPENDENT TESTING OF THE SUBSTANCE ALLEGED BY THE STATE TO "CONTAIN HEROIN" DENIED APPELLANT DUE PROCESS IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION.
III. LAW AND ANALYSIS
A. The Motion for Leave to File a Motion for New Trial
{¶ 11} In his first assignment of error Gavin asserts that the trial court erred in denying his motion for leave to file a motion for new trial without conducting an evidentiary hearing.
{¶ 12} We apply an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial. See State v. Seal , 2017-Ohio-116, 75 N.E.3d 1035, ¶ 9 (4th Dist.), citing State v. Hoover-Moore , 2015-Ohio-4863, 50 N.E.3d 1010, ¶ 14 (10th Dist.) ; State v. Phillips , 2017-Ohio-7164, --- N.E.3d ----, ¶ 17 (8th Dist.). " 'A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary.' " State v. Keenan , 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶ 7, quoting State v. Darmond , 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. An abuse of discretion includes a situation in which a trial court did not engage in a "sound reasoning process"; this review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. Darmond at ¶ 34.
{¶ 13} Notwithstanding Gavin's contentions on appeal, he does not have an automatic right to an evidentiary hearing on his motion for new trial based on claims of newly discovered evidence; instead, it is within the trial court's discretion to hold an evidentiary hearing. See State v. Newton , 10th Dist. Franklin No. 14AP-20, 2015-Ohio-1972, 2015 WL 2452286, ¶ 9, citing State v. Hill , 64 Ohio St.3d 313, 333, 595 N.E.2d 884 (1992) ("It is also within the discretion of the trial court to determine whether a motion for new trial and the material submitted with the motion warrants an evidentiary hearing"); Phillips at ¶ 19, quoting State v. Peals , 6th Dist. Lucas No. L-10-1035, 2010-Ohio-5893, 2010 WL 4925807, ¶ 23 ("Thus, 'no such hearing is required, and leave may be summarily denied, where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay' ").
{¶ 14} A defendant must file a motion for new trial based on claims of newly discovered evidence within 120 days after the day the verdict was rendered, unless the defendant shows by "clear and convincing proof that [the defendant] was unavoidably prevented from the discovery of evidence upon which he must rely * * *." Crim.R. 33(B). Because Gavin did not file his motion within 120 days of the jury's verdict, he correctly sought leave from the trial court to file a delayed motion. Seal at ¶ 11, quoting Hoover-Moore at ¶ 13.
{¶ 15} " 'A party is "unavoidably prevented" from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.' " Seal at ¶ 10, quoting Hoover-Moore at ¶ 13. "If a defendant establishes by clear and convincing proof that he/she was unavoidably prevented from the discovery of the evidence upon which he/she must rely, the motion must be filed within seven days from the court order making such a finding. See Crim.R. 33(B). Clear and convincing proof requires more than a mere allegation that a defendant has been unavoidably prevented from discovering the evidence he seeks to introduce *378 as support. State v. Covender , 2012-Ohio-6105, 988 N.E.2d 582, ¶ 13, quoting State v. Covender , 9th Dist. Lorain No. 07CA009228, 2008-Ohio-1453, 2008 WL 834417, ¶ 6.
{¶ 16} Courts have additionally held that a Crim.R. 33(B) motion for leave to file a motion for new trial must be filed within a reasonable time after the evidence supporting the ground was discovered. See, generally, State v. Thomas , 2017-Ohio-4403, --- N.E.3d ----, ¶ 8 (1st Dist.), and cases cited there, including Seal , 2017-Ohio-116, 75 N.E.3d 1035, ¶ 12-14. By discouraging defendants from waiting to move for leave while the evidence against him dissipates or disappears, the reasonable-time requirement is consistent with criminal rules and advances the stated objectives of the rules in securing the speedy administration of justice and eliminating unjustifiable delay. Thomas at ¶ 8 ; Seal at ¶ 13. Thus even if a defendant has demonstrated that he could not have learned of the proposed ground for a new trial within the prescribed period, a trial court has the discretion to deny leave to move for a new trial when the defendant has delayed seeking leave after discovering the evidence supporting that ground, and that delay was neither adequately explained nor reasonable under the circumstances. Id. at ¶ 9.
{¶ 17} Here, Gavin was aware of the existence of the grounds supporting his delayed motion as early as October 2013, before his trial. For example, the first affidavit he attached to his motion was by Jermaine Lawrence, whose October 2015 affidavit stated that Lofton approached Gavin and several other inmates in the Scioto County Jail and told them that he and Woods planted the heroin inside of Gavin's girlfriend's car; and that Gavin relayed this information to his trial counsel, telling him that Lawrence and the other jail inmates, who overheard the conversation, could be witnesses for him at trial. Similarly, Gavin's motion for leave attached an affidavit of another jail inmate detailing Lofton's purported admission to Gavin and other inmates. As Gavin himself admitted in the prior appeal of the denial of his petition for postconviction relief, the same evidence that he relied on in both his petition and his motion for leave to file a motion for new trial "may have been available to [him] at the time of trial." Gavin , 2017-Ohio-134, 2017 WL 168823, at ¶ 14.
{¶ 18} Moreover, Gavin was aware of the grounds supporting his delayed motion by the summer of 2015, when two of the supporting affidavits were executed on his behalf, i.e., nearly two years before he filed the delayed motion. Neither in his motion nor in his argument on appeal does he proffer any reason justifying this delay. Although one of the supporting affidavits was not executed until April 2016, " ' Crim.R. 33(B) does not allow a defendant to wait for further evidence to arise that will bolster his case.' " Seal , 2017-Ohio-116, 75 N.E.3d 1035, at ¶ 14, quoting State v. Berry , 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, 2007 WL 1377036, ¶ 14.
{¶ 19} The trial court did not abuse its discretion in determining that Gavin had not established that he was unavoidably prevented from filing a timely motion for new trial based on newly discovered evidence, or, even assuming that he had, that he filed the delayed motion for new trial within a reasonable time after discovering the grounds for the motion. Therefore, the trial court did not erroneously deny the motion for leave without holding an evidentiary hearing. We overrule Gavin's first assignment of error.
B. The Motion for Independent Testing and Fingerprint Analysis
{¶ 20} In his second assignment of error Gavin contends that the trial court erred *379 by denying his renewed motion for independent testing of the heroin found by the police and the fingerprint analysis of the packaging material for the heroin.
{¶ 21} Because the trial court's order denying his renewed motion was not part of Gavin's notice of appeal in this case, Gavin did not amend the notice to include this order, and Gavin did not file an independent notice of appeal from the order, this assignment of error is not properly before the court. See, e.g., McAbee v. Merryman , 7th Dist. Jefferson No. 13 JE 3, 2013-Ohio-5291, 2013 WL 6254332, ¶ 24, citing App.R. 4(A) ("in order to invoke our jurisdiction to review that order, a notice of appeal from that order must be filed or the notice of appeal had to be amended to include that order). Thus we cannot review it.
IV. CONCLUSION
{¶ 22} Having overruled the only assignment of error that is properly before us, we affirm the judgment of the trial court denying Gavin's motion for leave to file a delayed motion for new trial.
JUDGMENT AFFIRMED.
Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

We dismissed an earlier appeal by Gavin from the denial of his first postconviction motion for independent testing because he filed his notice of appeal more than 30 days after the trial court entered judgment denying the motion.