[Cite as *State v. Gavin*, 2022-Ohio-1287.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                     :

    Plaintiff-Appellee,        :          Case No. 21CA3941

    v.                         :

                               :          DECISION AND
RONALD GAVIN,                      :          JUDGMENT ENTRY

    Defendant-Appellant.       :
_____

APPEARANCES:

Brian C. Howe and Mark Godsey, Ohio Innocence Project, University of
Cincinnati College of Law, Cincinnati, Ohio, for Appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant
Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} Appellant, Ronald Gavin, appeals the trial court's judgment denying

his motion for leave to file a motion for new trial based upon newly discovered

evidence.  Gavin raises two assignments of error on appeal, contending 1) that the

trial court erred by denying his motion for leave to file a motion for new trial; and

2) that the trial court erred by denying leave without a hearing where the paper

filings provide prima facie evidence that he has satisfied Crim.R. 33(B).  For the

reasons that follow, the judgment of the trial court is reversed, this matter is

remanded with instructions, as set forth in detail below, and for further proceedings consistent with this opinion.

FACTS

{¶2} This matter stems from Ronald Gavin's underlying convictions in 2013 for trafficking in heroin, possession of heroin, conspiracy to traffic in heroin, and tampering with evidence, which were directly appealed to this Court. *State v. Gavin*, 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996 (hereinafter "*Gavin I*"). These convictions occurred as a result of Gavin's arrest after detectives with the Scioto County Sheriff's Office, acting on a tip provided by a confidential informant named Manuel Lofton, searched Gavin's girlfriend's vehicle and found 97.4 grams of heroin. *Gavin I* at ¶ 12-14. Although we noted in the first direct appeal that Gavin had made claims that either police had planted drugs in the car, or that individuals by the names of Marcell Woods and Helen Johnson had set him up, we affirmed his convictions for trafficking, possession and conspiracy to traffic. *Id.* at ¶ 15, 37. However, we reversed Gavin's conviction for tampering with evidence. *Id.* at ¶ 41.

{¶3} Thereafter, in April of 2016, Gavin filed a petition for postconviction relief. In support of his petition, Gavin "attached the affidavits of several persons who claimed that Lofton and Woods had framed Gavin by planting the heroin in the car that Gavin regularly drove." *State v. Gavin*, 4th Dist. Scioto No.

16CA3757, 2017-Ohio-134, ¶ 5 (hereinafter "*Gavin II*").  Further, in his petition

for postconviction relief, Gavin claimed that he "had informed his trial attorney

about his potential witnesses, but his attorney failed to call them to testify on his

behalf at trial."  *Id.*  The trial court ultimately denied Gavin's petition, which led to

a second appeal to this Court.  On January 6, 2017, this Court affirmed the

judgment of the trial court denying the petition.  *Gavin II.*  Thereafter, on May 15,

2017, Gavin filed a pro se motion for leave to file a motion for new trial, which

was also denied by the trial court and appealed to this Court.  *State v. Gavin*, 2018-

Ohio-536, 105 N.E.3d 373 (4th Dist. 2018) (hereinafter "*Gavin III*").  We include

at this juncture the verbatim factual history of the case that was set forth in Gavin's

most recent appeal, as follows:

> The Scioto County Grand Jury returned an indictment charging
> Ronald E. Gavin and an accomplice with several drug-related
> charges.  The case proceeded to a jury trial where several
> witnesses, including Manual Lofton and Marcell Woods,
> testified that Gavin sold heroin to people on numerous occasions
> during the summer of 2013.  Gavin obtained the heroin from
> Chicago sources, including his cousin.
>
> The jury convicted Gavin of multiple heroin-related offenses and
> in November 2013, the trial court sentenced him to prison.  In
> [*Gavin I*] we reversed his conviction for tampering with evidence
> and remanded the cause to the trial court to vacate that conviction
> and sentence.  But we affirmed his remaining convictions and
> rejected his contention that he had received ineffective assistance
> of counsel.  On remand the trial court complied with our
> mandate.

In April 2016, Gavin filed a petition for postconviction relief claiming that he was denied the effective assistance of trial counsel and that his convictions were obtained through fraud on the court. He attached the affidavits of several persons who collectively claimed that: (1) Lofton and Woods had framed Gavin by planting the heroin in the car that Gavin regularly drove; (2) Gavin had informed his trial attorney about his potential witnesses; and (3) his attorney failed to call them to testify on his behalf at trial. But Gavin failed to indicate how he was unavoidably prevented from discovering any of this purported newly discovered evidence. The affidavits of the potential witnesses were executed in July, August, and October 2015, and in March and April 2016. In May 2016, the trial court denied the petition for postconviction relief without conducting an evidentiary hearing.

On appeal we held that Gavin did not establish that the trial court had jurisdiction to address the merits of his untimely petition. We reached this conclusion because he admitted that some of his evidence "may have been available to [him] at the time of trial," and he did "not explain how either he or his appellate counsel were unavoidably prevented from having access to the evidence attached to his petition at the time he filed his direct appeal or when he could have filed a timely petition for postconviction relief." [*Gavin II* at ¶ 14-15]. We modified the judgment of the trial court to reflect the dismissal of the petition and affirmed the judgment of the trial court as modified. *Id.* at ¶ 16-17.

In May 2017, Gavin sought leave to file a motion for a new trial based primarily on newly discovered evidence; he attached a proposed motion for new trial and a request for an evidentiary hearing. He also attached four of the affidavits, executed in July, August, and October 2015, and in April 2016, that he had filed in support of his unsuccessful petition for postconviction relief. The trial court denied the motion without an evidentiary hearing after concluding that Gavin had not established how he was *unavoidably delayed* from filing his motion, his motion was untimely, and he had not submitted newly discovered evidence. Gavin has appealed the denial of his motion for leave.

(Emphasis added.)  *Gavin III at* ¶ 4-9.

{¶4} In his appeal from the trial court's denial of his pro se motion for leave to file a motion for a new trial, Gavin argued that the trial court erred by denying him an evidentiary hearing on his motion for leave.  *Id.* at ¶ 10.  However, this Court rejected Gavin's arguments, finding as follows:

> The trial court did not abuse its discretion in determining that Gavin had not established that he was unavoidably prevented from filing a timely motion for new trial based on newly discovered evidence, or, even assuming that he had, that he filed the delayed motion for new trial within a reasonable time after discovering the grounds for the motion. Therefore, the trial court did not erroneously deny the motion for leave without holding an evidentiary hearing.

*Id.* at ¶ 19.

{¶5} Nearly three years later, on November 12, 2020, Gavin, this time with the assistance of the University of Cincinnati College of Law's Ohio Innocence Project, filed a second motion for leave to file a motion for new trial.  In his motion for leave, Gavin referenced the prior pro se motion for leave that was denied, as well as the basis of that motion, which included affidavits from four individuals alleging that Gavin had been framed by Manuel Lofton and Marcell Woods. However, Gavin's most recent motion for leave informed the court that a new witness named Ryan Starks had "come forward with a firsthand account linking the heroin to the State's main witness, Manual Lofton."  Gavin claimed that Starks' affidavit provided "a detailed account of how he, Manual Lofton, and Marcell

Woods packaged and planted the heroin in Gavin's girlfriend's vehicle, as part of a scheme to reduce Lofton's own pending sentence on drug trafficking charges." Although Gavin's most recent motion referenced the four individuals whose affidavits were attached in support of his prior petition for postconviction relief and prior motion for leave to file a motion for a new trial, Gavin's most recent motion for leave was primarily based upon the statements of this newly identified witness, Ryan Starks, who did not come forward until 2019.

{¶6} Gavin's motion for leave included the affidavit of Starks, which was executed on May 6, 2019, and which essentially stated that Starks sold Lofton the heroin at issue and showed Lofton how to "cut" the heroin with lactose, compress it and shape it. The affidavit further stated that Starks and Lofton thereafter picked up Marcell Woods, and that Lofton gave Woods $3000.00, handed him the packaged heroin, and told him to "make sure he put it down the right way." Starks' affidavit further stated that Woods got out of the car and put the heroin inside the door of a dark colored Camaro, which Starks believed, at the time, belonged to Woods. The affidavit further stated that later that night Lofton informed Starks that Gavin had been arrested, that Lofton had paid Woods $3000.00 to put the drugs inside the car to set up Gavin, and that Lofton had threatened to tell police that Starks was involved if Starks said anything to anyone about it. Finally, Starks averred in his affidavit that while in prison, he saw Gavin

for the first time six years "after he was framed."   It was at this time that Starks

provided this new information to Gavin, explaining that he couldn't resist telling

him because his conscience had been bothering him over the years that an innocent

man was in prison for a crime he didn't commit.

{¶7} The State filed a memorandum contra Gavin's motion for leave,

arguing that "defendant ha[d] not filed his motion within the timeliness of Criminal

Rule 33, and ha[d] not shown how he was *unavoidably delayed*."  (Emphasis

added.)  The State further argued as follows:

> The affidavit of Mr. Starks has been available to Defendant since
> May 6, 2019.  Yet, Defendant's latest request for leave was filed
> November 12, 2020, almost 7 years after Sentencing.  Defendant
> has proven that his motion for new trial is untimely and
> unreasonably delayed.

{¶8} The trial court ultimately denied Gavin's motion for leave, reasoning as

follows:

> * * * [I]t is the FINDING of the Court that said Motion was not
> filed within a reasonable time pursuant to Crim.R. 33(B) and has
> not shown how he was avoidably delayed.  The Court FINDS
> said Motion was filed almost 7 years after sentencing; more than
> 18 months after this latest additional affidavit was made
> available to Defendant.  Therefore, based upon the foregoing, it
> is the FINDING of the Court that Defendant's Motion is
> DENIED.

{¶9} It is from this judgment entry that Gavin has now filed his latest

appeal, setting forth two assignments of error for our review.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED BY DENYING
        APPELLANT'S MOTION FOR LEAVE TO FILE
        A MOTION FOR NEW TRIAL.

II.     THE TRIAL COURT ERRED BY DENYING LEAVE
        WITHOUT A HEARING WHERE THE PAPER
        FILINGS PROVIDE PRIMA FACIE EVIDENCE
        THAT APPELLANT HAS SATISFIED CRIMINAL
        RULE 33(B).

ASSIGNMENT OF ERROR I

{¶10} In his first assignment of error, Gavin contends that the trial court

erred by denying his motion for leave to file a motion for a new trial.  The State

contends that Gavin's motion for leave failed to show any newly discovered

evidence, with the exception of the affidavit of Ryan Starks.  The State further

contends that Gavin's motion for leave was "clearly untimely" under Crim.R.

33(B) because it was filed more than 18 months after Starks' affidavit was signed,

and almost seven years after sentencing.

Standard of Review

{¶11} Trial courts ordinarily possess broad discretion when ruling on a

defendant's motion for leave to file a new trial motion.  *State v. Landrum*, 4th Dist.

Ross No. 17CA3607, 2018-Ohio-1280, ¶ 10, citing *State v. Bennett*, 4th Dist.

Scioto No. 16CA3765, 2017-Ohio-574, ¶ 9; *State v. Waddy*, 10th Dist. Franklin

No. 15AP-397, 68 N.E.3d 381, 2016-Ohio-4911, ¶ 20; *State v. Hill*, 8th Dist.

Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 16, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2nd Dist.); *State v. Clumm*, 4th Dist. Athens No. 08CA32, 2010-Ohio-342, ¶ 14; *State v. Pinkerman*, 88 Ohio App.3d 158, 160, 623 N.E.2d 643 (4th Dist. 1993). An "abuse of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23. *See also Landrum, supra*, at ¶ 10. A trial court generally abuses its discretion when it fails to engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

{¶12} Further, as this Court previously observed in *Landrum*, "[w]e are mindful, however, that no court has the authority, within its discretion, to commit an error of law." *Landrum* at ¶ 10, citing *State v. Boone*, 2017-Ohio-843, 85 N.E.3d 1227, ¶ 9 (10th Dist.), in turn citing *State v. Moncrief*, 10th Dist. No.

13AP-391, 2013-Ohio-4571, ¶ 7. *See also 2–J Supply Co. Inc. v. Garrett &*

*Parker, LLC*, 4th Dist. Highland No. 13CA29, 2015-Ohio-2757, ¶ 9. Moreover,

"when the trial court's order contains an error of law in misconstruing or

misapplying the law, then the appellate court reviews the matter de novo." *State v.*

*McKnight*, 4th Dist. Vinton No. 20CA721, -- N.E.3d --, 2021-Ohio-2673, ¶ 25,

citing *State v. Wright*, 2017-Ohio-9041, 101 N.E.3d 496, ¶ 25 (4th Dist.).

Legal Analysis

{¶13} Gavin challenges the trial court's denial of his motion for leave to file

a motion for a new trial. Gavin lists several issues/assertions under this assignment

of error as follows:

A. Crim.R. 33(B) does not contain any time requirement for the discovery of new evidence.

B. Crim.R. 33(B) does not contain any time requirement for requesting leave after the discovery of new evidence.

C. A non-textual post-discovery timing requirement works against the policies it purports to advance: it encourages frivolous filings, fails to screen meritorious claims, and fails to prevent any actual harm to any party.

   1. As a matter of public policy, the *Stansberry* standard is unnecessary and counterproductive.

   2. If the Court chooses to adopt an additional procedural barrier on to Crim.R. 33(B), it should model that procedure after the burden-shifting approach to preindictment delays.

D. Imposing an additional procedural barrier to Crim.R. 33 that

requires defendants to disclose attorney-client communications and legal strategy violates a defendant's right to privileged communication, work product protections, and the right to access courts under the U.S. and Ohio Constitutions.

E. Mr. Gavin requested leave to file a motion for new trial with reasonable diligence after having discovered the evidence, given the circumstances of the case.

{¶14} Here, Gavin filed his most recent motion for leave to file a motion for new trial on November 12, 2020. His motion for leave asserted he was unavoidably prevented from discovering new evidence to timely file his new trial motion. The motion primarily relied upon the affidavit of Ryan Starks, which was dated May 6, 2019. Gavin claimed that the affidavit provided by Starks contained a firsthand account of how Starks, Lofton and Woods packaged and planted heroin in Gavin's girlfriend's vehicle as part of a scheme to reduce Lofton's sentence on pending drug trafficking charges. Gavin explained that six years after his conviction, he saw Starks, who was also in prison, and that Starks informed him about what happened because his conscience had been bothering him. Gavin asserted in his motion for leave that he could not have uncovered Starks' testimony within 120 days of his conviction, as "he had no way of independently discovering who had direct knowledge that the heroin was planted."

{¶15} With respect to the delay between obtaining the affidavit on May 6, 2019, and filing his motion for leave on November 12, 2020, Gavin explained that

upon obtaining Starks' statement, the Ohio Innocence Project "conducted a diligent investigation into the newly discovered evidence," which included sending public records requests to obtain contemporary police reports from the Portsmouth Police Department and Scioto County Prosecutor's Office. He further asserted that the public records requests continued through 2019 until the Covid-19 pandemic caused significant disruptions in the courts and the University of Cincinnati (where the Ohio Innocence Project is located), in early 2020.

{¶16} Crim.R. 33 governs new trials and provides in section (A)(6) as follows:

> (A)    A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
>
> * * *
>
> (6)    When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, and in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶17} Further, section (B) of Crim.R. 33 provides, in pertinent part, as follows:

> Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived.  If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

{¶18} "The requirement of clear and convincing evidence puts the burden on the defendant to prove he was unavoidably prevented from discovering the evidence in a timely manner." *Waddy*, *supra*, at ¶ 19, citing *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012-Ohio-5360, ¶ 11.  "Clear and convincing evidence is 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, 71 N.E.3d 1076, ¶ 19, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus (1954).  Further, we explained in *State v. Chambers* as follows:

> "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence."

*State v. Chambers*, 4th Dist. Adams No. 20CA1125, 2021-Ohio-3388, ¶ 12, quoting *State v. Hoover-Moore*, 2015-Ohio-4863, 50 N.E.3d 1010, ¶ 13 (10th Dist.), in turn quoting *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 19; *State v. Seal*, 2017-Ohio-116, 75 N.E.3d 1035, ¶ 10 (4th Dist.).

{¶19} As discussed in *Chambers*, this Court and other courts "have determined that a defendant must file the motion for leave to file a delayed new trial motion within a reasonable time after the evidence is discovered." *Chambers* at ¶ 14, citing *Gavin III* at ¶ 16 and *Seal*, *supra*, at ¶ 12; *State v. Griffith*, 11th Dist. Trumbull No. 2005-T-0038, 2006-Ohio-2935, ¶ 15; *State v. Cleveland*, 9th Dist. Lorain No. 08CA009406, 2009-Ohio-397, ¶ 49. In *Chambers*, we acknowledged that "[i]n determining whether a defendant filed the motion for leave within a reasonable time after the evidence is discovered, Crim.R. 33(B) does not provide a time limit." *Chambers* at ¶ 14. However, we further observed that in *Seal*, *supra*, this Court reasoned that

> "[a]llowing the defendant  to file a motion [for] leave [to file] a motion for a new trial at any time would frustrate the overall objective of the criminal rules in providing the speedy and sure administration of justice, simplicity in procedure, and the elimination of unjustifiable delay."

*Chambers* at ¶ 14, quoting *Seal* at ¶ 12, in turn citing *State v. York*, 2d Dist. Greene No. 2000 CA 70, 2001 WL 332019, *3-4 (Apr. 6, 2001).

{¶20} As will be discussed in more detail below, this Court's adoption of a "reasonableness" requirement in *State v. Seal* with respect to the amount of time that elapses between the discovery of new evidence and the filing of a motion for leave to file a motion for new trial based upon newly discovered evidence constituted a departure from prior precedent of this Court, which previously adhered to a strict reading of Crim.R. 33(B), and refused to impose a timeliness requirement that is not actually contained in the plain language of the rule. Moreover, as will also be discussed in more detail below, the Supreme Court of Ohio recently determined that because Crim.R. 33 contains no "deadline by which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence[,]" a trial court errs when it denies a motion for leave to file a motion for new trial based upon a defendant's failure to file the motion for leave within a reasonable time after the discovery of new evidence. *State v. Bethel*, Slip Opinion No. 2022-Ohio-783, ¶ 53, 58.

{¶21} Here, as set forth above, the record reveals that the trial court denied Gavin's motion for leave to file a motion for a new trial and it did so without providing Gavin with a hearing on his motion. In denying the motion for leave, the trial court stated as follows:

> * * * [I]t is the FINDING of the Court that said Motion was not filed within a reasonable time pursuant to Crim.R. 33(B) and has not shown how he was *unavoidably delayed*. The Court FINDS said Motion was filed almost 7 years after sentencing; more than 18 months after this latest additional affidavit was made available to Defendant. Therefore, based upon the foregoing, it is the FINDING of the Court that Defendant's Motion is DENIED. (Emphasis added.)

{¶22} Thus, it appears that the trial court denied Gavin's motion for leave for three reasons. First, the trial court appears to have determined that the motion for new trial was untimely filed because it was filed "almost 7 years after sentencing." Second, it appears the trial court determined that the motion was untimely because more than 18 months had elapsed between obtaining the Starks affidavit and filing the motion for leave. Third, it appears the trial court based its decision on Gavin's failure to show "how he was unavoidably delayed."

{¶23} As stated, Crim.R. 33(B) requires that "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Clearly, filing the motion for leave almost seven years after sentencing exceeded the 120 day time limit contained in Crim.R. 33(B). However, Crim.R. 33(B)'s time limit contains an exception and allows filings beyond that time limit when "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" In such a case, the motion "shall be filed

within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B). Thus, the first question to be determined by the trial court is whether a defendant was "unavoidably prevented" from discovering the new evidence at issue, not whether the defendant was "unavoidably delayed" from filing a motion for leave. Here, there is no indication from the trial court's order that the court determined whether Gavin was unavoidably prevented from discovering the information contained in Starks' affidavit within 120 days of the jury verdict.

{¶24} Instead, a review of the trial court's order indicates that the trial court simply found that the motion for new trial was untimely because it was filed almost seven years after sentencing, without considering whether Gavin was "unavoidably prevented" from discovering the new evidence at issue, for purposes of determining whether he met the timely filing exception. The record before us demonstrates that Gavin argued at length in his motion for leave that he was unavoidably prevented from discovering the evidence at issue until six years after he was convicted. Because the trial court denied the motion simply because it was filed seven years after sentencing without considering whether the exception to the time limit applied (i.e., whether Gavin was unavoidably prevented from discovering the new evidence), the trial court erred.

{¶25} We find that the trial court further erred to the extent that it denied Gavin's motion for leave based upon its determination that 18 months between the discovery of the new evidence and the filing of the motion for leave constituted "unreasonable delay." As set forth above, the trial court stated that Gavin's motion "was not filed within a reasonable time pursuant to Crim.R. 33(B) and has not shown how he was *avoidably delayed*." (Emphasis added.) This statement is an obvious application of the reasonability requirement that has developed through case law, but which is not contained in Crim.R. 33(B). As set forth above, the Supreme Court of Ohio recently held that Crim.R. 33(B) "does not establish a timeframe in which a defendant must seek leave to file a motion for a new trial based on the discovery of new evidence[,]" and that trial courts' reliance on Crim.R. 1(B) and 57(B) to justify the imposition of a "reasonable-time filing requirement" was in error. *State v. Bethel*, supra, at ¶ 55. More specifically, the Court found as follows: 1) "Crim.R. 1(B) does not authorize the creation of a new requirement that has no foundation within Crim.R. 33(B) itself[;]" and 2) "Crim.R. 57(B) does not authorize a court to establish a new procedure when a rule of criminal procedure already governs." *Id.* at ¶ 56-57. Thus, the Court ultimately determined that "the court of appeals erred when it held that it was within the trial court's discretion to deny Bethel's motion for leave based on Bethel's failure to

file the motion within a reasonable time after discovering [the new evidence]." *Id.*
at ¶ 58.

{¶26} Admittedly, this Court and several other appellate districts have
constructed and imposed a reasonability requirement related to the length of time
between the discovery of new evidence and the filing of a motion for leave to file a
motion for new trial based upon newly discovered evidence. However, in light of
the holding of *State v. Bethel*, we conclude this Court's recent adoption of the
reasonability requirement in *State v. Seal*, *supra*, and its progeny was in error. We
further note that *Seal's* adoption of the reasonability requirement constituted a
departure from well-established prior precedent of this Court.

{¶27} For instance, in 2017, in *State v. Seal*, *supra*, this Court observed that
other courts in Ohio had determined that defendants are required to file their
motions for leave to file delayed motions for new trial "within a reasonable time"
after discovering new evidence. *Seal* at ¶ 12. We further noted that the Eighth
District had determined, in *State v. Stansberry*, as follows:

> "A trial court must first determine if a defendant has met his
> burden of establishing by clear and convincing proof that he was
> unavoidably prevented from filing his motion for a new trial
> within the statutory time limits. If that burden has been met but
> there has been an undue delay in filing the motion after the
> evidence was discovered, the trial court must determine if that
> delay was reasonable under the circumstances or that the
> defendant has adequately explained the reason for the delay."

*Seal* at ¶ 12, quoting *State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 WL

626063, *3.

This Court thereafter essentially went on to adopt a reasonability requirement with

respect to the time frame in which a motion for leave must be filed after the new

evidence upon which it is based is actually discovered. *Seal* at ¶ 12. In doing so,

we failed to acknowledge prior precedent of this Court that was contrary to the

imposition of such a requirement, nor did we acknowledge that the decision was a

departure from our own prior precedent.

{¶28} Prior to the holding in *Seal* and its progeny, this Court routinely

adhered to the position that "Criminal Rule 33 does not place a time restriction

upon when motions applying for a court order finding avoidable prevention may be

made[.]" *State v. Hunt*, 4th Dist. Scioto No. 1553, 1986 WL 6523, *2.[1]

Thereafter, in *State v. Pinkerman*, we rejected an argument by the state that

Pinkerman failed to bring his motion for leave within a reasonable time because he

waited six months after he discovered new evidence before he filed his motion for

leave. *State v. Pinkerman*, *supra*, at 161. In rejecting the state's argument, we

---

[1] In *Hunt*, this Court described the Crim.R 33 process as a "bifurcated procedure." *Hunt* at *2. Step one of the bifurcated procedure involves a defendant filing a motion for leave to file a motion for new trial based upon newly discovered evidence that is supported by evidence demonstrating he or she was unavoidably prevented from discovering the new evidence within one hundred twenty days after the verdict was rendered. *Id.* If the trial court determines that the defendant was unavoidably prevented from timely filing the motion and therefore grants the motion for leave, then the defendant must actually file a motion for new trial within seven days of the trial court's order finding he was unavoidably prevented. *Id.* The defendant's motion for new trial must be supported by affidavit demonstrating the existence of newly discovered evidence. *Id.*

relied upon the fact that Crim.R. 33(B) contains no time limit for the filing of a motion for leave to file a delayed motion for new trial. *Id.* We further found that "[t]he rule instead merely states that the trial court may not grant the motion for leave unless the trial court finds that the defendant was unavoidably prevented from discovering the new evidence within one hundred and twenty days from the day the jury rendered the verdict." *Id.* This Court went on to find that Pinkerman was, in fact, unavoidably prevented from discovering the new evidence within the specified time period and we therefore remanded the matter to the trial court to enter a judgment granting Pinkerman leave to file a motion for a new trial. *Id.*

{¶29} This stance remained the status quo in this district until the issuance of the decision in *State v. Seal*. *See e.g. State v. Clumm*, *supra*, at ¶ 21 (finding a delay of 445 days between the discovery of new evidence and the filing of a motion for leave was not a sufficient justification for denying the motion for leave, relying on *Pinkerman*); *State v. Hatton*, 4th Dist. Pickaway No. 11CA23, 2013-Ohio-475 (reversing the trial court's denial of Hatton's motion for leave, which the trial court had denied because there was a delay of nearly a year between the discovery of new evidence and the filing of the motion for leave). Importantly, in *Hatton*, we determined that *Pinkerman* was dispositive regarding the issue of whether Crim.R. 33(B) contained a time limit for the filing of a motion for leave to

file a motion for a new trial. *Id.* at ¶ 10. For example, we stated as follows in

*Hatton*:

> Although some appellate districts have adopted this
> [reasonableness] standard, this view is not consistent with
> *Pinkerman*. Further, the State did not cite any authority to show
> the standard in this District has been altered in any manner since
> *Pinkerman*. At this juncture, we need not, and do not, determine
> whether to adopt such a standard in this case.

*Id.* at ¶ 11-12.

{¶30} In *Hatton*, our decision was based, in part, on the fact that there was

an eight-month delay between Hatton's discovery of the new evidence and the

filing of his motion for leave, which timeframe we determined was consistent with

the length of the delay in *Pinkerman*. *Id.* at 12. Our decision further

acknowledged that the State argued an additional four months should be added to

that timeframe because the Ohio Innocence Project had actually made Hatton

aware of the existence of new evidence at an earlier date. *Id.* However, this Court

rejected the State's argument that such a delay justified a departure from

*Pinkerman*, especially where it was "not unreasonable for appellant to believe that

his OIP counsel would act in his best interest." *Id.*

{¶31} After much research and review, it appears to this Court that the

inquiry regarding whether a defendant should be granted leave to file a delayed

motion for new trial has evolved from a question of whether the defendant was

*unavoidably prevented* from the discovery of the new evidence within one hundred

twenty days after the verdict, to the question of whether the defendant was *unavoidably delayed* in filing his motion for leave after new evidence was discovered. The evolution of this inquiry is not supported by the rule. Moreover, and in light of *Bethel*, *supra*, we conclude that prior decisions of this Court, beginning with *Seal*, which departed from the prior precedent set forth in *Hunt*, *Pinkerman*, *Clumm* and *Hatton*, *supra*, (which rejected the imposition of a reasonability requirement not contained within Crim.R. 33(B)), were erroneously decided. Instead, we conclude that the first inquiry to be made by the trial court is whether the defendant has shown, by clear and convincing proof, that he or she was unavoidably prevented from discovering the evidence at issue within one hundred twenty days of the jury's verdict. If the answer is yes, then the motion for leave to file a motion for new trial should be granted. Here, as already stated, there is no indication from the trial court's order that it made a determination one way or the other regarding this threshold inquiry. This question must be answered before the trial court can proceed to the next step of the bifurcated procedure contained in Crim.R. 33(B). *See State v. Hunt*, *supra*, at *2 (if the court determines that a defendant was unavoidably prevented from discovery of the new evidence within the Crim.R. 33 timeframe, and therefore grants leave to file a motion for new trial, the defendant must file a properly supported motion for new trial within seven days of the finding that he or she was unavoidably prevented from discovery). On the

other hand, the trial court may find that Gavin was not unavoidably prevented from discovery of the new evidence at issue herein. Either way, the trial court must make this threshold determination before moving forward.

{¶32} In summary, we agree with Gavin's first two assertions listed under his first assignment of error. Crim.R. 33(B) does not contain any time requirement for the discovery of new evidence. Further, as the Supreme Court of Ohio has made abundantly clear in *State v. Bethel*, *supra*, Crim.R. 33(B) does not contain any time requirement for requesting leave after the discovery of new evidence. Thus, we sustain Gavin's first assignment of error on these two grounds and we need not reach the remaining arguments raised under his first assignment of error. Accordingly, we reverse the judgment of the trial court denying Gavin's motion for leave to file a motion for new trial and we remand the matter with instructions to the trial court to first determine whether Gavin was unavoidably prevented from discovery of the evidence upon which his motion for leave is based, without regard to the amount of time that elapsed between the discovery of evidence and filing of his motion for leave.

ASSIGNMENT OF ERROR II

{¶33} In his second assignment of error, Gavin contends that his paper filings provided prima facie evidence that he had satisfied the requirements of Crim.R. 33(B) and thus, that the trial court further erred by denying leave without

affording him an evidentiary hearing.  The State argues that Gavin's motion for leave was untimely filed, was barred by res judicata, and that "Crim.R. 33 in no way requires the trial court to conduct an evidentiary hearing."  For the following reasons, we reject the argument raised under this assignment of error.

{¶34} We first address the State's contention that Gavin was not entitled to an evidentiary hearing on his motion for leave to file a motion for new trial based upon the doctrine of res judicata.  We begin our analysis by noting that "res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal."  *State v. Hatton*, *supra*, at ¶ 16, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).   In *Hatton*, we further recognized "that res judicata bars a motion for a new trial when the movant raised, or could have raised, that issue, in a prior action."  *Hatton* at ¶ 16, citing *State v. Lofton*, 4th Dist. Pickaway No. 16CA8, 2017-Ohio-757, ¶ 16, in turn citing *State v. Vincent*, 4th Dist. Ross No. 03CA2713, 2003-Ohio-3998 (finding res judicata barred defendant from raising issues that could have been raised in a prior motion for a new trial or Crim.R. 32.1 motion).  " ' "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." ' "  *Hatton* at ¶ 16, quoting *State v. Miller*, 4th Dist.

Lawrence No. 11CA14, 2012-Ohio-1922, ¶ 5, in turn quoting *State v. Saxon*, 109

Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶35} Here, we cannot conclude based upon the record before us that

Gavin's motion for leave to file a motion for new trial, to the extent that it was

based upon the affidavit of Ryan Starks, was barred by the doctrine of res judicata.

The record indicates that Gavin did not base his first direct appeal, his petition for

postconviction relief, or his first motion for leave to file a motion for new trial on

any evidence related to or provided by Ryan Starks. Further, it does not appear

from the record that Gavin could have previously raised any argument related to

the evidence provided by Starks in any of his prior filings because Starks had not

yet come forward. Thus, contrary to the State's argument, Gavin's motion for

leave to file a motion for new trial based upon newly discovered evidence, the

basis of which is the affidavit of Ryan Starks, is not barred by the doctrine of res

judicata.

{¶36} Having determined that Gavin's motion for leave was not barred by

res judicata, we next consider the proper standard of review that must be applied

when reviewing a trial court's decision on whether to hold an evidentiary hearing

when considering a motion for leave to file a motion for new trial. On this

particular question, this Court has explained as follows:

> "[A]n appellate court applies an abuse of discretion standard of
> review to (1) a trial court's decision whether to conduct an

evidentiary hearing on a motion for leave to file a delayed motion for new trial; and (2) its ultimate decision to grant or deny the underlying motion for new trial."

*State v. Hatton*, *supra*, at ¶ 13, quoting *State v. Seal*, *supra*, at ¶ 9, in turn citing

*State v. Hoover-Moore*, *supra*, at ¶ 14. Further, this Court explained in *State v.*

*Chambers*, *supra*, as follows:

A criminal defendant is "only entitled to a hearing on a motion for leave to file a motion for a new trial if he submits documents which, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence at issue."

*Chambers* at ¶ 24, quoting *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-

1181, ¶ 7 (2d Dist.).

{¶37} Here, as set forth above, it appears from the record that the trial court denied Gavin's motion for leave as being untimely filed, without reaching the merits of the motion and without holding an evidentiary hearing. As part of our disposition of Gavin's first assignment of error, we reversed the judgment of the trial court denying Gavin's motion for leave to the extent it determined the motion for leave was untimely filed without going a step further and determining whether Gavin met the exception to the timely-filing requirement. As the trial court did not reach the merits of the motion for leave, but rather denied it based upon its determination that the motion for leave was untimely filed, we cannot conclude that the trial court abused its discretion in failing to hold an evidentiary hearing. On remand, however, consistent with the reasoning set forth above, the trial court

has discretion in determining whether or not to conduct an evidentiary hearing on Gavin's motion for leave.  Importantly, if the trial court determines that the documents submitted in support of Gavin's motion for leave to file a motion for new trial provide prima facie evidence that he was unavoidably prevented from timely discovering the evidence at issue, according to our prior reasoning in *State v. Chambers*, *supra*, Gavin would be entitled to a hearing on his motion for leave.

{¶38} Accordingly, the judgment of the trial court is reversed and this matter is remanded with instructions and for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED and the CAUSE IS REMANDED.  Costs shall be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60 day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45 day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**