[Cite as *State v. Taylor*, 2023-Ohio-2995.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                         :

    Plaintiff-Appellee,            : CASE NO. 21CA14

    v.                             :

DARRYL D. TAYLOR,                      : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Darryl D. Taylor, Caldwell, Ohio, pro se.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and
Andrea M. Kratzenberg, Assistant Prosecuting Attorney, Ironton,
Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-22-23
ABELE, J.

{¶1} This is an appeal from a Lawrence County Common Pleas
Court judgment that overruled a pro se motion for a new trial.
Darryl Taylor, defendant below and appellant herein, assigns three
errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL JUDGE ERRED TO THE PREJUDICE OF THE
> DEFENDANT WHEN HE PRESIDED OVER THE LEGALITY OF
> A SEARCH WARRANT THAT HE ISSUED AND OVER THE
> MOTION TO SUPPRESS HEARING."

SECOND ASSIGNMENT OF ERROR:

"JUDGE COOPER AND GENE MEADOWS CONSPIRED TO
DENY THE APPELLANT HIS CONSTITUTIONAL RIGHT TO
A FAIR AND IMPARTIAL TRIAL."

THIRD ASSIGNMENT OF ERROR:

"TRIAL JUDGE MISREPRESENTED THE TRUTH WHEN HE
CLAIMED HE HELD A MOTION TO SUPPRESS HEARING ON
APRIL 3, 2015."

{¶2} We review the facts and procedural history of this case by referring to *State v. Taylor*, 4th Dist. Lawrence No. 19CA24, 2021-Ohio-585 (*Taylor II*). In 2015, a jury found appellant guilty of: (1) drug trafficking in the presence of juveniles in violation of R.C. 2925.03(A)(1)(C)(1)(c), a second-degree felony, (2) two counts of drug trafficking in violation of R.C. 2925.03(A)(1)(C)(1)(c), third-degree felonies, and (3) one count of drug trafficking in violation of R.C. 2925.03(A)(2)(C)(1)(c), a third-degree felony. The trial court sentenced appellant to serve 13 years in prison. *Taylor II* at ¶ 2.

{¶3} On April 27, 2016, this court affirmed the trial court's judgment in part, reversed in part, and remanded for limited resentencing. *See State v. Taylor*, 4th Dist. Lawrence No. 15CA12, 2016-Ohio-2781 (*Taylor I)*. In particular, we affirmed appellant's convictions, but concluded that the trial court failed to advise

appellant of postrelease control at the sentencing hearing. *Id.* at ¶ 41, citing *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27-29, *State v. Triplett*, 4th Dist. Lawrence No. 10CA35, 2011-Ohio-4628, ¶ 4. On May 25, 2016, the trial court resentenced appellant to serve a 13-year prison term.

{¶4} On March 5, 2019, appellant filed a pro se "motion to vacate void judgment," and argued that the court must vacate "void portions of the judgment of conviction based upon lack of subject matter jurisdiction." On September 19, 2019, the trial court overruled the motion. On appeal, this court affirmed the trial court's judgment. *Taylor* II at ¶ 14.

{¶5} In a separate case (Case No. 21CA13), on July 16, 2021 appellant filed a pro se "Motion to Suppress" and a pro se "Motion for a Franks Hearing." Appellant argued that the trial court should "grant a Motion to Suppress hearing or New Trial based on trial court erred to the prejudice of the defendant when it held a motion to suppress hearing without defendant being present violating his due process rights." Appellant claimed he did not attend his suppression hearing and did not waive his right to attend. Appellant's "Motion for a Franks Hearing" asserted that an affidavit is "based upon knowingly false and misleading statements without regard for the truth by affiant(s) in the arrest warrant

affidavit(s) and violation of due process rights." Appellant argued this affidavit intentionally misled authorities to issue an arrest warrant.

{¶6} After consideration, the trial court denied both motions and held that (1) appellant's petitions are untimely pursuant to R.C. 2953.23, and (2) appellant failed to satisfy either requirement outlined in R.C. 2953.23(A)(1) and (2). Further, the court held that res judicata bars appellant from raising these issues in petitions for postconviction relief because he either raised, or could have raised, the issues on direct appeal.

{¶7} After this court affirmed the trial court's decision that overruled appellant's motion (*Taylor II),* appellant filed a motion for a new trial. The trial court overruled that motion and noted that (1) the motion is untimely pursuant to Crim.R. 33(B), and (2) the doctrine of res judicata barred appellant from raising issues that he either raised, or could have raised, on direct appeal. This appeal followed.

I.

{¶8} In this appeal of the denial of appellant's pro se motion for new trial, he raises three assignments of error for review. Although appellant's arguments do not directly address the denial of the motion for new trial, the trial court denied the untimely

motion.

**{¶9}** Ordinarily, trial courts possess broad discretion to rule on a motion for leave to file a new trial motion. *State v. Landrum,* 4th Dist. Ross No. 17CA3607, 2018-Ohio-1280, ¶ 10, citing *State v. Bennett*, 4th Dist. Scioto No. 16CA3765, 2017-Ohio-574; *State v. Gavin*, 2022-Ohio-1287, 188 N.E.3d 230, ¶ 11 (4th Dist.). Moreover, "[a]n appellate court applies an abuse of discretion standard in reviewing a trial court's denial of a motion for leave to file a delayed motion for new trial." *State v. Seal,* 2017-Ohio-116, 75 N.E.3d 1035, ¶ 9 (4th Dist.), quoting *State v. Hoover-Moore*, 2015-Ohio-4863, 50 N.E.3d 1010, ¶ 14 (10th Dist.). Appellate courts also apply the abuse of discretion standard of review to review (1) a trial court's decision whether to conduct an evidentiary hearing on a motion for leave to file a delayed motion for new trial; and (2) a court's ultimate decision to grant, or to deny, the underlying motion for new trial. *Id.; State v. Jones*, 9th Dist. Summit No. 26568, 2013-Ohio-2986, ¶ 8. In general, an abuse of discretion implies that a court's decision is arbitrary, unconscionable, or unreasonable. *State v. Minton*, 2016-Ohio-5427, 69 N.E.3d 1108, ¶ 19 (4th Dist.).

**{¶10}** Pursuant to Crim.R. 33(B), a motion for new trial "shall be filed within fourteen days after the verdict was rendered * * *

unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that appellant was unavoidably prevented from filing such motion within the time provided herein."  A motion for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * * [or] within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty-day period."

**{¶11}** In his first assignment of error, appellant asserts that the trial court erred to his prejudice when it presided over both the issuance of the search warrant and the subsequent suppression motion.[1]  As appellee notes, however, appellant does not allege

---

[1] It appears appellant believes that a judge who issued a search warrant is prohibited from subsequently ruling on the warrant's validity, and to do so is inherently prejudicial and constitutes reversible error.  However, the Supreme Court of Ohio has determined that, absent evidence that a judge will consider the evidence in any manner other than fairly or impartially, the fact that a trial judge authored a warrant does not require the disqualification of that judge when ruling on the warrant's validity.  *State v. Kidd*, 2nd Dist. Clark No. 2016-CA-87, 2017-Ohio-6996, citing *In Re Disqualification* of Basinger (1996), 77 Ohio St.3d 1237, 674 N.E.2d 351.  See, also, *State v. Donald*, 7th Dist. Mahoning No. 09-MA-172, 2011-Ohio-3400; *State v. Simmons*, 12th Dist. Warren No. CA 2004-11-138, 2005-Ohio-7036.  Admittedly, it may be a

that any newly discovered evidence exists.  Consequently,

appellant's motion for new trial is untimely and we believe the

trial court properly denied the motion.

{¶12} Accordingly, based upon the foregoing, we overrule

appellant's first assignment of error.

II.

{¶13} In his second assignment of error, appellant asserts that

---

better practice, when possible, for judges to choose not to hear
motions to suppress that involve search warrants that they
themselves issued.  However, recusal is not mandatory absent
unusual circumstances.  See, also, *State v. Healy*, 6th Dist. Wood
No. C.A. WD-80-29, 1981 WL 5497 (Feb.27, 1981) (due process did not
require the trial judge to decline consideration of a defendant's
motion to suppress solely because the same judge issued the
warrant), *State v. Chamberlin*, 161 Wash.2d 30, 162 P.3d 389 (2007)
(no violation of due process or judicial ethics where judge
presided over motion to suppress under a search warrant the judge
issued; appellate review is a potential check against any bias);
*People v. Antoine*, 335 Ill.App.3d 562, 781 N.E.2d 444 (2002) (mere
fact that trial judge presided over warrant proceedings and issued
the search warrant did not establish bias or prejudice), *State v.
Smith*, 113 N.J. Super. 120, 273 A.2d 68 (1971) (nothing prevents
trial judge from issuing search warrant and ruling on validity;
action in issuing search warrant is ex parte whereas motion
proceeding is adversarial), *Peaper v. State*, 14 Md.App. 201, 286
A.2d 176 (1972) (absent a showing of bias or prejudice, mere fact
that judge issued the warrant would not preclude him from presiding
at a suppression hearing or at trial), *Trussell v. State*, 67
Md.App. 23, 506 A.2d 255 (1986) (judge who issued search warrant
was not required to recuse from ruling on suppression motion),
*State v. Heard*, 574 So.2d 873 (Ala. Ct.Crim.App.1990) (absent a
showing of prejudice, an issuing magistrate may properly serve as
the trial judge on the same cause), *Castillo v. State*, 761 S.W.2d
495 (Tex.Ct. App. 1988) (no basis for disqualification when
presiding judge over suppression motion issued the warrant).

the trial court and his trial counsel "conspired to deny the appellant his constitutional right to a fair and impartial trial."

{¶14} Prior to appellant's trial, it appears that counsel filed a motion to withdraw as counsel. At the hearing on the motion, counsel stated that appellant wanted him to file a motion to suppress evidence that counsel believed, however, to be completely without merit. Nevertheless, at the hearing the court suggested that counsel file the motion.

{¶15} Subsequently, the trial court denied appellant's motion to suppress evidence. Appellant now argues that (1) it is obvious that the trial court "already had his mind made up" regarding his ruling, and (2) "counsel will do anything the judge requests, even if that means selling out his client." Appellant further complains that his motion was so deficient that defense counsel did not function as appellant's advocate.

{¶16} Once again, we point out that appellant's motion for new trial is untimely. Moreover, res judicata bars appellant's claims. Finally, we find no merit in appellant's claims of bias. Counsel initially attempted to withdraw, apparently because appellant pressured him to file questionable motions. Rule 3.1 of the Ohio Professional Rules of Conduct states that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue in a

proceeding, unless there is a basis in law and fact for doing so that is not frivolous * * *." Further, when counsel sought to appease appellant and file the motion to suppress, appellant complained about the motion.

{¶17} Although appellant does not explicitly raise the issue of ineffective assistance of counsel, we point out that a criminal defendant's constitutional right to effective assistance of counsel does not require an attorney to file a motion to suppress in every case. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). Instead, counsel is required to file a motion when reasonable grounds exist. *State v. Belknap*, 11th Dist. Portage No. 2002-P-0021, 2004-Ohio-5636, ¶ 19. Regardless, in the case sub judice trial counsel did, in fact, file a motion. However, the trial court denied the motion, not because of counsel's incompetence but because the motion failed on the merits. This court affirmed the trial court's judgment in *Taylor I.*

{¶18} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

### III.

{¶19} In his final assignment of error, appellant asserts that the trial court misrepresented the truth when it held a motion to suppress hearing on April 3, 2015.

LAWRENCE, 21CA14

**{¶20}** Initially, we point out that not all motions to suppress under Crim.R. 12(E) require a hearing for disposition. *State v. Robson,* 2006-Ohio-628, 847 N.E.2d 1233, ¶ 18 (4th Dist.). Although the transcript for the suppression hearing is not in the record, the trial court's judgment that overruled the suppression motion states, "Defendant's motion to suppress came on for hearing before the Court with the Defendant, Defense Counsel and Prosecuting Attorney present and before the Court." Absent affirmative proof of material facts of a prejudicial nature, we must presume the regularity of trial court proceedings. Moreover, although appellant's assignments of error do not directly address his motion for new trial, as we note above trial courts possess broad discretion to rule on motions for leave to file a new trial motion. *Landrum*, *supra,* at ¶ 10. Here, the trial court concluded that appellant's motion for new trial is (1) untimely pursuant to Crim.R. 33(B), and (2) barred by res judicata. As appellee notes, res judicata bars appellant's motion for a new trial because he could have raised this issue in a prior action. *Gavin*, *supra.*

**{¶21}** Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Taylor*, 2023-Ohio-2995.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.