[Cite as *State v. Taylor*, 2025-Ohio-2853.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,            : CASE NO. 25CA2

    v.                             :

DARRYL D. TAYLOR,                       : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

Darryl D. Taylor, Caldwell, Ohio, pro se, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and
Andrea M. Kratzenberg, Assistant Prosecuting Attorney, Ironton,
Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:8-1-25
ABELE, J.

{¶1} This is an appeal from a Lawrence County Common Pleas
Court judgment that denied a motion filed by Darryl D. Taylor for
"Relief from Judgment or Order for Fraud Upon the Court" pursuant
to Civ.R. 60(B)(5) and a request for a suppression hearing.

{¶2} Appellant raises the following assignment of
error for review:

> "TRIAL COURT ERRED IN FAILING TO GRANT
> DEFENDANT'S CIV.R. 60(B)(5) RELIEF BASED ON THE
> RULE FOLLOWED IN *HUFFMAN V. HUFFMAN*."

{¶3} In 2015, a jury found appellant guilty of (1) drug trafficking in the presence of juveniles in violation of R.C. 2925.03(A)(1), a second-degree felony, (2) two counts of drug trafficking in violation of R.C. 2925.03(A)(1), third-degree felonies, (3) and one count of drug trafficking in violation of R.C. 2925.03(A)(2), a third-degree felony. The trial court sentenced appellant to serve a total of 13 years in prison. On April 27, 2016, this court affirmed the trial court's judgment in part, reversed in part, and remanded for limited resentencing. *State v. Taylor,* 2016-Ohio-2781 (4th Dist.).

{¶4} In particular, appellant challenged appellee's use of a confidential informant to enter his home and make audio-video recordings of the controlled drug buys without a search warrant. *Id.* at ¶ 34. Because the confidential informant's actions did not constitute a search and did not violate appellant's Fourth Amendment rights, we overruled that assignment of error. *Id.* at ¶ 38. However, because the trial court failed to inform appellant that he would be subject to post-release control at the sentencing hearing, we vacated that portion of the sentence and remanded the matter for a resentencing hearing in accordance with R.C. 2929.191. *Id.* at ¶ 42.

{¶5} On May 25, 2016, the trial court resentenced appellant to serve a 13-year prison term. On March 15, 2019, appellant filed a pro se "motion to vacate void judgment," and argued that the court must vacate "void portions of the judgment of conviction based upon lack of subject matter jurisdiction." On September 19, 2019, the trial court overruled the motion. Appellant appealed that judgment, and, on February 17, 2021, this court affirmed the trial court's judgment. *State v. Taylor*, 2021-Ohio-585 (4th Dist.)(*Taylor II*). Appellant then filed a Notice of Appeal to the Supreme Court of Ohio on March 29, 2021, but the Supreme Court declined to accept jurisdiction.

{¶6} In a separate case in 2021, appellant filed a pro se "Motion to Suppress" and pro se "Motion for a Franks Hearing." The trial court denied both motions and held that (1) appellant's motions are untimely pursuant to R.C. 2953.23, and (2) appellant failed to satisfy either requirement outlined in R.C. 2953.23(A)(1) and (2). Further, the trial court held that res judicata bars appellant from raising these issues in petitions for postconviction relief because he either raised or could have raised the issues on direct appeal. *State v. Taylor*, 2023-Ohio-2995, ¶ 6 (4th

Dist.)(*Taylor III*).

{¶7} After this court affirmed the trial court's decision to overrule appellant's motion in *Taylor II*, appellant filed a motion for new trial. The trial court overruled that motion and noted that (1) the motion is untimely pursuant to Crim.R. 33(B), and (2) the doctrine of res judicata barred appellant from raising issues that he either raised or could have raised on direct appeal. This court affirmed the trial court's judgments. *State v. Taylor,* 2023-Ohio-2995 (4th Dist.)(*Taylor IV).*

{¶8} On September 24, 2024, appellant filed a "Motion for Relief from Judgment or Order for Fraud Upon the Court." On October 3, 2024, the trial court denied appellant's motion. This court concluded that res judicata barred appellant's claims, and we affirmed the trial court's judgment. *State v. Taylor*, 2025-Ohio-1518 (4th Dist.)(*Taylor V).*

{¶9} This appeal represents the most recent filing since appellant's 2015 convictions for multiple serious drug offenses. On November 25, 2024, appellant filed a pro se "Motion for Relief from Judgment or Order from Fraud pursuant to Civ.R. 60(B)(5) and a Request for a Suppression Hearing." On December 13, 2024, the trial court denied appellant's motion and request. This appeal

followed.

I.

{¶10} In his appeal of the denial of his Civ.R. 60(B)(5) motion for relief from judgment or order from fraud and request for a suppression hearing, appellant raises one assignment of error.  The trial court, however, concluded that res judicata barred consideration of appellant's motion and request.   The court concluded that (1) appellant's petitions are untimely pursuant to R.C. 2953.23, and (2) appellant failed to satisfy either of the R.C. 2953.23(A)(1) and (2) requirements.  Further, the trial court cited this court's holding that, "[A]ccording to the law of the case doctrine 'legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels."  *Taylor IV*, 2023-Ohio-2994, ¶ 11, citing *Giancola v. Azem*, 2018-Ohio-1694.  Because appellant has presented the issues outlined in his latest filings in the past, the trial court denied them, and this court affirmed the denial, the trial court concluded that those rulings remain the law of the case.

{¶11} As appellee points out, in *State v. Taylor*, 2023-Ohio-2994, appellant raised the same issue regarding a suppression

hearing. *Taylor IV.* We observed that it is important to recognize that the doctrine of res judicata applies not only to direct appeals, but "to all postconviction proceedings in which an issue was or could have been raised." *Id.* at ¶ 12, citing *State v. Heid*, 2016-Ohio-2756, ¶ 18 (4th Dist.), quoting *State v. Montgomery*, 2013-Ohio-4193, ¶ 42 (8th Dist.). We further noted that res judicata barred appellant's second motion to suppress because appellant did not present evidence from outside of the record. *Id.* at ¶ 3, citing *State v. Carver*, 2022-Ohio-2653 (4th Dist.)(postconviction proceeding statute focus is whether a claim in a postconviction petition involves evidence outside of the trial record not available at the time of trial; if it does not, then res judicata bars the claim.)

{¶12} In *Taylor IV,* we pointed out that this court affirmed appellant's convictions in 2016, "and counsel *did,* in fact, file a pre-trial motion to suppress, that the trial court overruled." Seven years later, appellant sought to file a motion to suppress and a motion for a Franks hearing, and we concluded that the trial court correctly held that res judicata barred both motions. *Id.* at ¶ 17. Months later, appellant seeks to file a request for a suppression hearing and a motion for relief from judgment or order

for fraud upon the court.  Again, the trial court correctly held that res judicata barred both motions.

{¶13} Accordingly, for all of the foregoing reasons, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                                   Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a

9

final judgment entry and the time period for further appeal commences from the date of filing with the clerk.